No. 71.—George W. Collier, Sheriff, &c. plaintiff in error, *vs.* David A. Vason, defendant in error.

[1.] When a Sheriff advertises property levied on by him, to be sold under execution, it is his duty to give as full and complete a description of the property in his advertisement, as it is possible for him to do, in the exer-

Collier *vs.* Vason.

cise of ordinary diligence for that purpose, in view of the character, condition and location of the property.

[2.] The Statute contemplates, that the Sheriff shall give such a description of the property to be sold, in his advertisement, as will best enable the public to understand what particular property is to be offered for sale.

[3.] Whether the advertisement by the Sheriff of "eight City lots in the City of Albany, Nos. not recollected, but known as Joseph B. Shore's property," be such a description, is a question of fact for the Jury to decide, upon the evidence; inasmuch as the sufficiency or insufficiency of the description of the property, must always depend upon its particular character, location, and the name by which it is best known, in the community in which it is situated, and in which it is offered for sale.

Debt, in Baker Superior Court.     Tried before Judge TAYLOR, December Term, 1852.

George W. Collier, as Deputy, Sheriff of Baker County, levied a mortgage *fi. fa.* on "eight lots in the City of Albany, and in the first district of Baker County, Nos. 14, 16, 18 and 20, on Commerce Street, and 13, 15, 17 and 19, on State Street, levied on as Joseph B. Shore's property, &c."

At the sale, David A. Vason became the purchaser, and refusing to comply with the terms of sale, the Sheriff, Collier, advertised and sold the property again, at the risk of Vason, the purchaser. The property sold for three hundred dollars less than Vason's bid, and suit was brought by Collier, as Sheriff, against Vason, to recover this difference. On the trial of this cause, plaintiff offered in evidence, the second advertisement, describing the property as "eight City lots, in the City of Albany, numbers not recollected, but known in said City, by the name of Joseph B. Shore's property. The same was sold on the first Tuesday in February last, at $1145, and David A. Vason being the highest bidder, the same was knocked off to him, and he refusing to comply, the same is now sold at his risk."

Counsel for defendant objected to the admission of this evidence, on the ground that this advertisement was uncertain in its description of the property, and did not describe the same property with the first advertisement.

VOL. XII 56

The Court rejected the evidence, and this decision is assigned as error.

H. MORGAN, for plaintiff in error.

R. F. LYON, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

The only ground of error assigned to the judgment of the Court below is, the rejection of the Sheriff's advertisement of the second sale of the property.

This second sale was made at the risk of the defendant, under our Statute, who was a purchaser of the property at a former sale, and failed to comply with the terms of that sale.

[1.] By the 32d section of the Judiciary Act of 1799, the Sheriff is required to advertise his sales of property levied on by execution, and to give " a full and complete description of the property to be sold, making known the name of the defendant, and the person who may be in possession of the property." *Prince,* 427. The property was levied on as *the property* of Joseph B. Shore, and sold as *his* property ; the *undefined* interest of Joseph B. Shore in the property was not levied on and sold by the Sheriff, as in the case of *Whatley vs. Newsom.* 10 *Georgia Rep.* 74.

It is unquestionably the duty of the Sheriff, under the Statute, to give as full and complete description of the property levied on by him to be sold, in his advertisement, as it is possible for him to do, in the exercise of ordinary diligence for that purpose, taking into view the location and condition of the property. We do not intend to say that it is absolutely necessary that the Sheriff shall describe lands sold by him, by the particular number in every instance, for that he may not be able always to do, after the most diligent inquiry ; but if he cannot ascertain the particular number, or if the lands, as in some parts of this State, are not laid off by number and district, then it will be sufficient to descirbe the property by its particular location, or by any

prominent mark or feature, which may belong to it, and by which the public may readily understand what *particular property* is embraced in the advertisement.

[2.] The Statute contemplates that the Sheriff shall give such a description of the property to be sold, in his advertisement, as shall best enable the public to understand what particular property is to be offered for sale. Lots in a city are most frequently better known by a description of the tenements erected thereon, and the business to which the same are appropriated, than the numbers thereof. The lot on which the Oglethorpe Hotel is situated in the City of Columbus, would most probably be a better description of the property intended to be sold, than if the Sheriff was only to state the number of the lot.

[3.] What is to be considered a full and complete description of the property advertised, must always depend on the *location and particular character* of that property. The description of the property in the advertisement ruled out by the Court below is, " eight City lots in the City of Albany, numbers not recollected, but known in said City by the name of Joseph B. Shore's property." Whether this property was as well known in the County of Baker, by the description of " Joseph B. Shore's property," as it would have been if the particular numbers of the lots had been specially named, was a question of fact for the Jury to have decided, under the charge of the Court as to the law, upon the evidence submitted. It was the duty of the Court to have admitted the evidence, and then instruct the Jury that the law required the Sheriff to give such a full and complete description of the property in his advertisement, as would best enable the public to understand what particular property was to be sold, and to have left them to have decided from the evidence, whether such description had been given ; inasmuch as the sufficiency or insufficiency of the description of the property, must always depend upon its particular character, location and the name by which it is best known in the community in which it is situated and in which it is offered for sale.

Let the judgment of the Court below be reversed.