## No. 5901.

### CITY OF NEW ORLEANS vs. ESTATE OF SAMUEL STEWART.

Here the given name of the deceased in the suit of the city of New Orleans vs. the estate of Samuel Stewart is mentioned, and the constitution itself, as well as the statutory law, contemplates that a "succession" may be a plaintiff or defendant. This word "estate" is synonymous with "succession." This disposes of the objection that there was no defendant before the court, the notice having been published according to law.

This suit not being probate is not embraced in the provisions of section seven of act No. 73 of 1872, nor in the clause in act No. 2 of 1873, on this subject, in relation to section five of act No. 2 of the special session of 1870.

But, if it be conceded that section seven of act No. 73 of 1872 is still in force, the jurisdiction of tax suits against successions given by it to the Second District Court is merely concurrent, and not exclusive. This disposes of the objection that the judgment appealed from did not order the taxes to be paid in due course of administration. This requirement of the law applies to probate matters.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *B. F. Jonas*, City Attorney, and *Samuel P. Blanc*, Assistant City Attorney, for plaintiff and appellee. *Charles Louque*, for defendant and appellant.

HOWELL, J. Mrs. Nisida Stewart, executrix, has appealed from a judgment against the "estate of Samuel Stewart" for taxes due the city of New Orleans, and she complains —

First—That the citation was not sufficient, because an estate or a succession is a thing, and not a person. She cites the cases of City vs. Heirs of Schmidt, 10 An. 771, and City vs. Heirs de St. Romes, not reported. These cases do not sustain her position. The objection in them to the notice was vagueness, because it did not express the particular person by a given name whose heirs were to be cited. Here the given name of the deceased is mentioned, and the constitution itself, as well as the statutory law, contemplates that a "succession" may be a plaintiff or defendant. The word "estate" is synonymous with "succession." This disposes of the second objection that there was no defendant before the court, the notice having been published according to law.

The next objection is that the Superior District Court was without jurisdiction over the succession. She contends that although the act enacting the Superior District Court gives to that court jurisdiction of all

NEW ORLEANS, FEBRUARY, 1876.          181

City of New Orleans vs. Estate of Stewart.

suits wherein the city of New Orleans is a party, yet it specially reserves to the Second District Court the exclusive jurisdiction it had before the passage of the act, and by section seven of act No. 73 of 1872 jurisdiction of tax suits against successions was conferred on the Second District Court.

The clause in act No. 2 of 1873 on this subject is in these words: "And *provided, further,* that this act shall not be construed to prevent the Second District Court for the parish of Orleans from exercising all the powers granted by section five of act No. 2 of the special session of 1870." That section reads: "That the Second District Court for the parish of Orleans shall continue to have exclusive probate jurisdiction, as provided by existing laws, and shall have power and authority to issue such writs of injunction and mandamus as shall or may be necessary to the full exercise of its probate jurisdiction."

This suit not being probate, is not embraced in the foregoing provisions of law; but if it be conceded that section seven of act No. 73 of 1872 is still in force, the jurisdiction of tax suits against successions given by it to the Second District Court is merely concurrent, and not exclusive. Hence this objection is without force. This disposes of the last objection, that the judgment appealed from did not order the taxes to be paid in due course of administration. This requirement of the law applies to probate matters.

Judgment affirmed.