Carter, Congreve et al. vs. City of New Orleans et al.

## No. 7901.

CARTER, CONGREVE ET AL. VS. CITY OF NEW ORLEANS ET AL.

The assessment and judgment for taxes against a Succession, as such, are legal, when the heirs have not obtained and recorded a decree of court recognizing and putting them in possession. Affirming Decision in City vs. Stewart, 28 An. 180.

APPEAL from the Third District Court for the parish of Orleans. Monroe, J.

*B. R. Forman* for Plaintiffs and Appellants:

First—Judgments against a dead man are void. Edwards vs. Whited, 29 An. 647; Surgi vs. Colmer, 22 An. 23; Garard vs. Reed, 5 R. 508.

Second—Judgment against a living man cannot be executed by fi. fa. after his death. Hall & Lisle vs. Belden, 29 An. 118.

Third—Either a judgment or assessment in a name other than that of the owners, is void and does not bind them, and cannot be executed against them. City vs. St. Romes, 28 An. 17; City vs. Schmidt, 10 An. 771; Fischel vs. Mercier, 32 An. 705; Lague vs. Boagni, 32 An. 912; Gindry vs. Broussard, 32 An. 924; Thibodeaux vs. Keller, 29 An. 508; Stafford vs. Twitchell, 33 An., not reported.

Fourth—Heirs need not be recognized by judgment of probate court to maintain an action to protect inherited property. Le Page vs. New Orleans Gas Light Co., 7 R. 183; Tugwell vs. Tugwell, 35 An. 823; Carter, Congreve et al. vs. Fowler, 32 An., not reported.

*J. Ward Gurley, Jr.*, Assistant City Attorney, for Defendants and Appellees:

Plaintiffs having had full knowledge of the assessments complained of, and having, through their counsel, applied for and, in some instances, obtained reductions, in the name or style in which the assessments were made, they are bound by said assessments, although not made in their individual names.

The assessment and judicial collection of the city taxes complained of were governed by Acts No. 7, Extra Session 1870, and No. 73, of 1872, and not by the Acts of 1856, 1858 and 1859, cited by plaintiffs.

If the sheriff's advertisement identifies the property, the description is sufficient.

---

The opinion of the Court was delivered by

FENNER, J. This is an action by plaintiffs, as heirs of N. R. Jennings, to annul certain judgments in favor of the City of New Orleans for taxes upon property inherited by them from their deceased ancestor, and to enjoin execution of said judgments and for other cognate relief, not necessary to be more particularly specified here.

The objections are that, after the death of N. R. Jennings, the assessments of the property for numerous years were variously made in the name of " N. R. Jennings," of " Est. of N. R. Jennings " and of "Est. of Mrs. R. Jennings;" that the publications, provided by law as the equivalent of citations, were in the same names, and that judgments were likewise rendered in those names. The judgment of the lower court decreed the nullity of all the judgments, except those rendered against

the "Est. of N. R. Jennings," and perpetuated the injunction against further proceedings on said annulled judgments, reserving the city's right, by proper proceedings, to assess and collect taxes on the property for the years for which the prior taxes were annulled.

From this judgment plaintiffs have appealed, and the city has filed answer praying for an amendment of the judgment so as to reject entirely the demand of plaintiffs.

The judgment is unquestionably correct in maintaining the assessments and judgments against the "Estate of N. R. ᴜennings."

The heirs had never obtained or recorded any decree of court recognizing and putting them in possession as heirs of N. R. Jennings. He was a resident of the parish of St. Helena at the time of his death, and his succession was opened there.

There was nothing to inform the assessors that the ownership had passed to the heirs by absolute title. In State vs. Brown, 32 An. 1020, we maintained an indictment laying ownership in a succession, and we there said:

"Pending the acceptance or rejection by the heir, which, when made, retroacts to the instant of death, and pending the administration, all 'the estates, rights and charges 'which a person leaves after his death,' are vested in, and belong to, the abstraction called 'succession,' as expressly stated in Articles 872 and 873 of the Civil Code."

Assessment and judgment in name of "Estate of Samuel Stewart," were expressly upheld, in the case of City vs. Stewart, 28 An. 180, and no decision has ever been rendered conflicting therewith, either in fact or in principle. The cases of City vs. Heirs of Schmidt, 10 An. 771, and City vs. Heirs of St. Romes, 28 An. 17, are expressly based upon the indefiniteness of the *descriptio personæ*, resulting from the omission of the Christian names or initials. The decision in Stafford vs. Twitchell, 33 An. 520, far from overruling the Stewart case, as claimed by plaintiffs counsel, is expressly founded on the fact that the assessment there annulled was made in the name of the deceased instead of in that of his estate or succession.

The judicial proceedings authorized for the enforcement of city taxes, are not to be subjected to the strict rules governing such proceedings ordinarily. They are the sequences of the assessment proceedings, upon the validity of which their own validity depends. When the assessment made, with a certain description and in a certain name, is valid either of itself or by reason of confirmatory action of the owner, publication and judgment in the same name and with the same description will be upheld if otherwise regular. Lane vs. March, 33 An. 554.

The assessments and subsequent proceedings in the names of "N. R. Jennings" and of "Est. of Mrs. R. Jennings," the latter a name of

52

no existing person, but evidently substituted by clerical error for that of N. R. Jennings, are null under the doctrine of Stafford vs. Twitchell and other cases there cited.

We have felt grave doubt as to whether those in name of " Est. of Mrs. R. Jennings," should not be saved from nullity by the proceedings taken by the present attorney of the plaintiffs in connexion with the assessments.

While the rolls were open, he filed sworn applications for the reduction of the assessments, signed "Est. Mrs. R. Jennings, per B. R. Forman." If it were clearly proved that, in making these applications, he acted by direct authority of the owners, we should regard them as operating a clear ratification of the assessment in that name, which would have estopped them from opposing the assessment or any of the subsequent proceedings based thereon. It would have been equivalent to a direct return of the property by the owners for assessment in that name, and would have fallen within the doctrine of Lane vs. March, 33 An. 554. The evidence of his authority, however, is not sufficiently clear to justify us in disturbing the judgment of the lower court.

We find nothing requiring notice in any of the other points of plaintiffs. We are satisfied that the judgment appealed from has done liberal justice to plaintiffs.

Judgment affirmed at appellants' costs.

Rehearing refused.