BROWN vs. MOUGHON.

An entry of levy in these terms: "I have this day levied the within *fi. fa.* on lots of land numbers 308, 309, 310, 332, all levied on as the property of (defendant in *fi. fa.*,) to satisfy an execution issued from the 957th district of Baker county, G. M.; property pointed out by the plaintiff," was void for want of sufficient description, and when offered in evidence, together with the deed based thereon, they were inadmissible.

(*a.*) Where the sheriff, in the deed based on such a levy, sought to locate the land by county and district, the deed did not conform to the levy.

(*b.*) The execution, levy and sheriff's deed should not have been submitted to the jury, to enable them, with the aid of such other facts as might have been adduced, to locate and identify the land. This case differs from those in 12 *Ga.*, 440; 59 *Ib.*, 649, and this court adopts the dissenting views of Jackson, C. J., in 65 *Ga.*, 201.

(*c.*) That the execution and levy were allowed to go to the jury, was not an error against the claimant under them; and his adversary did not except thereto.

September 18, 1883.

Levy and Sale. Evidence. Title. Before Judge BOWER. Baker Superior Court. May Term, 1883.

A *fi. fa.* in favor of Moughon *et al.*, for use, was levied on certain land as the property of E. C. Brown, and a claim was interposed by Mary A. Brown.

On the trial, claimant offered in evidence a *fi. fa.* against Brown, with an entry of levy thereon, and a sheriff's deed under the sale. The entry of levy was as follows: "I have this day levied the within *fi. fa.* on lots of land numbers 308, 309, 310, 332; all levied on as the property of Enoch C. Brown, to satisfy an execution issued from the 957th district of Baker county, G. M. Property pointed out by plaintiff."

The sheriff's deed contained the same description, except that it located the lots as being in the 7th district of Baker county. These papers were rejected as a conveyance of title out of defendant in *fi. fa.*, but were admitted as color of title.

The jury found the property subject, and claimant excepted.

A. L. HAWES, for plaintiff in error.

R. HOBBS; D. H. POPE; D. A. VASON, for defendant.

HALL, Justice.

The execution offered with the sheriff's deed to sustain this claim was issued from a justice's court in Baker county, and levied by a constable of that county, on certain lots of land, giving their numbers only, without any further description as to their locality; the county and district in which they are located is not set forth in the levy, nor are they described as being in the possession of the defendant or any other person. In the deed conveying them to the purchaser at the sale under this levy, the sheriff undertakes to locate them by county and district. It is evident that the deed does not conform to the levy, which is so uncertain as to the land sold as to render it impossible from the description to locate it; it should have been specified in the levy and advertisement with such precision that it could have been ascertained what land it was that was sold. The observance of this requirement is said to be

specially important in the case of sheriff sales. The rule
is an excellent one to prevent fraud and speculation at
such sales. Such levies are void for uncertainty. The
reasons for requiring this particularity are strongly set
forth and amply sustained by authority in the luminous
opinion delivered by Lumpkin, J., in *Whatley vs. Doe, ex
dem. Newsom*, 10 *Ga.*, 74.

But it is urged in argument here that, notwithstanding
this fatal defect, the execution and levy together with the
sheriff's deed purporting to convey the property sold
thereunder, should have been submitted to the jury, to en-
able them, with the aid of such other facts as might have
been advanced, to locate and identify the land. Such a
course, we think, would enhance the very evils which the
rule was designed to suppress. In a single case a majority of
this court has sanctioned its relaxation to a limited extent,
but in that case the description of the property was per-
haps somewhat more definite than it is in the present levy.
The cases cited from 12 *Ga.*, 440; and 59 *Ib.*, 649, are not
in point. In the first, the levy described the property fully
and accurately ; the description of the property levied on
in the advertisement of its sale was somewhat vague and
indefinite; and the court directed the question to be sub-
mitted to the jury, to ascertain from the evidence whether
the property advertised was the same as that levied on.
In the other case, it appears that there had been irregular-
ities in the notice given of the levy to the party in posses-
sion, in the advertisement, etc., and the question submitted
to the jury was whether the purchaser at the sheriff's sale
had notice of these irregularities. The case above referred
to as sustaining this position, and which approaches it
more nearly than either of the foregoing, is that of *Wil-
liams & Company vs. Hart*, 65 *Ga.*, 201, but this was not
the judgment of a full court. Jackson, J., who delivered
the opinion, plainly and openly dissented from the opinion
of his colleagues, using this clear and forcible language:
" My brethren think, and it is so ruled, that it is a ques-
tion for the jury, under all the facts, (a purchaser having

bought it at public sale); where the rights of a purchaser intervene they uphold it, but before sale and purchase, all agreed that the levy would be insufficient. My own judgment would be that it is too vague and indefinite a description to pass title to any purchaser to a house and lot in the village. The only description is ' nine hundred acres of land in and in the vicinity of Union Point.'. It is not even said that it was known to be the property of James B. Hart (the defendant in execution). That such a description should authorize the sale of a dozen houses and lots, occupied by different families in a town, though unincorporated, as well as a plantation outside the town, a steam saw mill, etc., would be, it seems to me, to open wide the door to all manner of fraud, and no man ought to buy, under such a levy, improved lots and houses in the town, and expect to hold them. The statute, Code, §3640, declares that the officer making a levy ' shall plainly describe the property levied on, and the amount of interest of defendant therein;' and section 3647 declares that, in the 'advertisement, he shall give a full and complete description of the property to be sold, making known the name of the plaintiff and defendant, and the person who may be in the possession of such property.' How anybody could imagine that he was buying improved property, occupied by tenants in a town, under an advertisement of land 'in the vicinity' of the town, passes my comprehension; and how a levy on nine hundred acres of land' in and in the vicinity of a town, plainly describes houses and lots in the town, it is equally difficult for me to see. My brethren agree that it is a circumstance going to show fraud, but that it is for the jury to say whether or not the houses and lots were so levied on and advertised as to convey title to the purchaser, while I hold that such a levy and advertisement cannot pass title at all, so far as the improved lots laid off and built upon and occupied in the town are concerned.".

It is the unanimous opinion of the present court that this dissenting view embodies a correct exposition of the

law; and we so hold.   In conformity to the hallowed orison, " lead us not into temptation," it appears to us to be sound policy to take away all inducements to commit fraud.   The sections of our Code above cited were evidently framed with this view.   The first accomplishes this object in prescribing the requisites of a levy, and is in strict accordance with the rule laid down in *Whatley vs. Doe, ex dem. Newsom*, a case which appears to have been overlooked in determining *Williams & Co. vs. Hart*, while the second, in requiring like particularity in advertising the sale under the levy, is in furtherance of the same wise and conservative policy.   Judge Warner was on the bench when *Whatley vs. Doe, ex dem. Newsom*, was decided, and concurred with his associates in that judgment, notwithstanding he gave his consent to the views of the majority in the case of *Williams & Co. vs. Hart*.   The two appear to us irreconcilable, and we can account for the difference only by the fact that that decision was overlooked when the last was made.

· The court below may have committed error in the present case  in allowing the execution and levy to go to the jury as color of title, when the claimant did not set up prescriptive title, or rely upon adverse possession under such color for the statutory period.   But whether it did or not, is quite immaterial, in view of the fact that such error, if error it be, did not hurt the claimant, and the plaintiff waives the point by refraining from excepting to the decision.

· Judgment affirmed.