INHABITANTS OF FAIRFIELD *vs.* LIZZIE WOODMAN.

Somerset. Opinion December 26, 1884.

*Tax, action for. Executors and administrators.*

A tax on the real and personal estate of a deceased intestate, assessed to the "estate" of the deceased after the appointment and qualification of an Administrator, is not assessed in conformity with law, and no action therefor, by the town against the administrator, can be maintained.

ON REPORT.

An action of debt to collect the taxes assessed to the estate of Orrin Woodman, in 1883.

The opinion states the material facts.

*E. W. and F. E. McFadden,* for the plaintiffs.

The assessors gave the notice required by the statute, and neither the defendant nor any other person brought in a list of the property taxed to the "Estate of Orrin Woodman." What were the assessors to do? It had been their custom to tax estates of deceased persons in this manner, and, in fact, we believe it to be the custom in many towns so to assess and tax them. Now then, if this assessment is pronounced illegal, it follows that all taxes thus assessed are illegal. We contend that taxing the estate, in this case, was, in effect, taxing it to

the administratrix, and, therefore, was a virtual compliance with the statute.

In the language of Chief Justice APPLETON, in drawing the opinion of *Littlefield* v. *Brooks*, 50 Maine, 475, "By these provisions of the statute, it is unmistakably apparent that it was the legislative intention that every male inhabitant of this state, and that all personal property within the same, with certain exceptions not affecting this case, should be taxed. No person is to be exempt, no one should be. No property is exempt, none should be. The payment of taxes is the price paid the state for the security the government gives to persons and to property. The state affords security to all persons and protects all property. The burden of maintaining government should be co-extensive with the benefits it confers."

*D. D. Stewart*, for the defendant, cited: *Elliot* v. *Spinney*, 69 Maine, 31; *Smith* v. *Northampton Bank*, 4 Cush. 1; *Hardy* v. *Yarmouth*, 6 Allen, 277; *Wood* v. *Torrey*, 97 Mass. 321.

LIBBEY, J. This action is brought to recover of the defendant, taxes assesssed by the plaintiff town for the year 1883, to the "estate of Orrin Woodman." Orrin Woodman was an inhabitant of Fairfield, and died January 5, 1882, and the defendant was duly appointed administratrix on his estate February 7, 1882. The taxes sued for were assessed on both real and personal property.

An action in the name of the town, for the collection of a tax, may be maintained against the person liable therefor. R. S., c. 6, § 175. To sustain the action, it must be shown that the tax was so assessed as to make the defendant personally liable for its payment.

By R. S. of 1871, c. 6, § 14, clause seventh, in force when the taxes were assessed, "the personal property of deceased persons, in the hands of their executors or administrators, shall be assessed to the executor or administrator, in the town where the deceased last dwelt."

By section 26 of the same chapter, it is provided that " the undivided real estate of any deceased person, may be assessed to his heirs or devisees until they give notice to the assessors of the division of the estate; or such real estate may be assessed to the executor or administrator of the deceased, and such assessment shall be collected of them as taxes assessed against them in their private capacity, and shall be a charge against the estate and allowed by the judge of probate. "

Taxes assessed in conformity with these statutory provisions are a personal charge against the persons assessed; but to render the defendant liable, the tax must be assessed to her. Taxes can be legally assessed only by authority of the statute. There was no statute authorizing the assessment of the taxes in this case to the " estate of " the deceased.

The taxes not having been legally assessed to the defendant, no personal liability was created against her, and the action cannot be maintained. *Inh's of Elliot* v. *Spinney et al.* 69 Maine, 31; *Wood* v. *Torrey*, 97 Mass. 321.

*Plaintiffs nonsuit.*

PETERS, C. J., WALTON, DANFORTH, EMERY and FOSTER, JJ., concurred.