ROBERTS *vs.* HINSON *et al.*

1. Where land was fully described in a mortgage, the judgment of foreclosure thereof, and the execution issued thereon, as lot number 480 in the 5th district of Ware county, and the entry of levy was, "I have this day levied on the lot of land number 480 in the 5th district," signed by the sheriff of Ware county, the levy was not so uncertain as to be void, or as to render it doubtful what land was sold. The deed to the purchaser, describing the land as lot number 480 in the 5th district of Ware county, conformed to the levy, and was admissible as evidence of title, and not merely as color of title.

2. Where a senior mortgage was duly recorded within the time and in the manner prescribed by law, this record was, of itself, notice to a purchaser at the sale of the same property under a junior mortgage, unless he was misled into making it by the conduct of the mortgagee, or his duly authorized agent, which induced him to conclude that the property was being sold free from the lien of the first mortgage. Otherwise the property could be sold subject to the lien of the first mortgage; and if, at the time of the sale, it had been foreclosed, the mortgagee could place his execution in the hands of the officer making the sale, cause the title unincumbered to be sold, and claim the proceeds arising from the sale, according to the date of his lien.

(*a.*) The evidence in this case does not satisfactorily establish the fact that the person who, it was claimed, was acting as the agent of the holder of the first mortgage at the sale, was in fact so.

3. The facts in evidence imperatively demand a verdict in favor of the defendant, and that in favor of the plaintiff is not only contrary to the evidence, but is without evidence to support it.

March 5, 1887.

Mortgages. Levy and Sale. Deeds. Title. Evidence. Verdict. Before Judge MERSHON. Ware Superior Court. April Term, 1886.

Reported in the decision.

NICHOLLS & BRANTLEY; S. W. HITCH; ALEXANDER & TURNBULL, for plaintiff in error.

HOLTON & SON; L. A. WILSON, by brief, for defendants.

HALL, Justice.

This was a statutory action brought by Hinson & Cohen against Roberts for the recovery of lot of land 480 in the fifth district of Ware county. Both parties derived title from Lemuel W. H. Pittman; the plaintiffs obtained theirs under a sale made by virtue of an execution issuing upon the foreclosure of a mortgage executed by Pittman to Seixas; the defendant, by a like sale under an execution issuing from a judgment of foreclosure of a mortgage made by Pittman to McRae. It was admitted on the trial that the mortgage under which the defendant claimed, was the elder of the two, though the land was first sold under the foreclosure of the junior mortgage, and upon the sale, the purchaser went into possession by his tenant, one William Musick. McRae purchased the land at sheriff's sale, some two years after the sale was made by the levying officer to the plaintiffs, and was put in possession by the sheriff, who removed plaintiffs' tenant from the premises.

McRae held peaceable, quiet, uninterrupted, continuous,

adverse and notorious possession between eight and ten years, by his tenants and subsequent grantees, prior to the commencement of plaintiffs' suit. Six years after this time, the plaintiffs took from Pittman and his wife a conveyance to the premises in dispute. The trial of the case resulted in a verdict in favor of the plaintiffs; and the defendant made a motion for a new trial, which was overruled by the court, and thereupon he excepted. Two questions are made and relied upon by the defendant for a reversal of this judgment:

(1.) The first is, that the court committed error in ruling out, as evidence of title, the McRae deed from the sheriff to the land, and in holding that the levy on the mortgage *fi. fa.* (which describes the lot of land in these words, viz., "I have this day levied on the lot of land number 480 in the 5th district, this August 6th, 1873, Isaac Foreman, sheriff Ware county,") was void for uncertainty, and in admitting the deed as color of title only.

(2.) In instructing the jury that the question for them to determine was, whether Brantley was present at the sale at which plaintiffs purchased, as the agent of McRae, the holder of the senior mortgage, and was attending the sale to represent McRae, and heard the announcement made by the officer, that the land would be sold free from incumbrances, and that the purchaser would be put in possession by the officer; and that if Brantley said nothing in reply to the announcement, then McRae would be bound by the sale, and would be estopped from setting up his superior lien, and they should find for the plaintiff; but if they found that Brantley was not the agent of McRae, then they should find in favor of defendant's equitable plea, which seems to have been put in after the sheriff's deed to McRae was rejected as evidence of title; and in further charging that legal fraud might be committed by silence, and slight circumstances might establish it. The error alleged to this charge is, that there was no evidence as to the agency of Brantley at the time the sale was made; and that there was

further error in the court's refusing to charge, as requested in writing by the defendant, that the agency was a fact that must be proved, and could not be presumed; and instead of so charging, reiterating that they should take all the circumstances and see if Brantley was McRae's agent; also in refusing to charge in this connection the further request of the defendant, made in writing, that even though Brantley was the agent of McRae, and was present at the sale when the proclamation was made that the land would be sold free from incumbrance, he would not have been called upon to say anything, and by his silence, McRae would not be estopped in enforcing his superior lien.

1. As to the first of these questions, it appears that the land levied on was fully described both in the mortgage and judgment of foreclosure, and in the execution issuing thereon; and the levy by the sheriff of Ware county, stating that it was *the* lot of land 480, must have referred to that set out in the mortgage, the proceedings for foreclosure, and the judgment and the process which issued to enforce that judgment. There was no necessity to resort to *aliunde* or parol evidence to identify the land. For this purpose the evidence which the execution itself afforded was sufficient. The levy was not so uncertain as to be void, or as to render it doubtful what land was sold; and the deed to the purchaser, describing the land as lot number 480 in the 5th district of Ware county, conformed to the levy, and was admissible as evidence of title and not merely as color of title. The sale under this levy conveyed good title to the purchaser. *Brown vs. Moughon*, 70 *Ga.* 756, and cases cited, especially those cited and commented on from 12 *Ga.* 440, 59 *Id.* 649. In the case of *Williams & Co. vs. Hart*, 65 *Ga.* 201, a majority of this court held that, where the rights of a purchaser intervene, a levy describing the property as "nine hundred acres of land in and in the vicinity of Union Point," would be upheld; against the dissenting opinion of Jackson, Chief Justice, which dissenting opinion, in the case first cited, this court

held announced the correct rule of law upon the subject. The levy now under consideration is by no means so in-definite as that last mentioned. In the case of *Brown vs. Moughon,* the levy was, "I have this day levied the within *fi. fa.* on lots of land numbers 308, 309, 310, 332, all levied on as the property of defendant in *fi. fa.* to satisfy an execution issued from the 957th district of Baker county, G. M.; property pointed out by the plaintiff." We therefore think that the error in rejecting this sheriff's deed as evidence of title, and admitting it only as color, is apparent and requires a new trial.

2. McRae's mortgage was duly recorded within the time and in the manner prescribed by law, and this record was of itself notice to the purchaser at this sale, unless he was misled into making it by the conduct of the mortgagee or his duly authorized agent, which induced him to conclude that the property was being sold free from his lien. It was certainly competent for the property to be sold under other process, subject to the lien of the mortgage; and if, at the time of the sale, the mortgage had been foreclosed, the mortgagee might have placed his execution in the hands of the officer making the sale, and caused the title unincumbered to be sold, and have claimed the proceeds arising from the sale, according to the date of his lien. Code, §1967. But be this as it may, the evidence does not satisfactorily establish the fact that Brantley was acting as the agent of McRae at that sale. Hinson swears that he was present, and that the officer making the sale proclaimed, "I am now going to sell this land; and if anybody has any claim, let him make it known, or the title will be sold free and unincumbered, and I will put the purchaser in possession;" and that Brantley said nothing in response to this proclamation. Cohen, the other plaintiff, swore that he also was present at the sale; that Brantley was there; and that the marshal proclaimed that the land would be sold free from incumbrances, and if any one had any objection, to make it. Brantley was present and heard

it and said nothing, and went to Mr. Norwood to stop the sale. He knew Brantley was representing McRae's mortgage. This is all the evidence as to Brantley's agency: From whom Cohen learned that Brantley was representing McRae's mortgage does not appear. He does not say that he got this fact from McRae, or that he knew it in any other way than by seeing Brantley at the sale. This may have been mere matter of inference from what he saw and heard at the sale, and is insufficient to establish the essential fact that Brantley was acting as the duly authorized agent of McRae. Cohen and Hinson were the purchasers, and Cohen, according to his testimony, certainly had notice that Brantley was not consenting to the sale, for he swears that Brantley went to Mr. Norwood for the purpose of getting him to stop it; and yet, with this fact before him, he and Hinson not only bid off the land, as appears from the marshal's entry disposing of the levy, but took a conveyance under that sale.

3. The facts in evidence imperatively demand a verdict in favor of the defendant, and that in favor of the plaintiff is not only contrary to the evidence, but is without evidence to support it.

Judgment reversed.