STATE, CHARLES G. ENDICOTT AND MORDICA T. ENDICOTT, EXECUTORS, PROSECUTORS, v. LUCIEN B. CORSON, COLLECTOR OF HAMILTON TOWNSHIP, ATLANTIC COUNTY.

1. A tax on real and personal property by the description of "Estate of T. D. Endicott" will be amended by the court.
2. The personal property of the unsettled estate of a decedent must be assessed in the township where the executor resides, if within this state, not in the township where the deceased lived at the time of his death, and where some of the property still remains.

On *certiorari.* In matter of taxation.

Argued at November Term, 1887, before Justices SCUDDER and PARKER.

For the prosecutors, *A. B. Endicott.*

For the defendant, *W. E. Potter.*

The opinion of the court was delivered by

SCUDDER, J. Thomas D. Endicott died in Hamilton township, Atlantic county, having, by his will, appointed the prosecutors his executors. The will was admitted to probate, inventory filed, and both executors assumed the burden of settling the estate. The estate is still unsettled.

For the year 1886 a tax was assessed, in Hamilton township, on the real and personal property late of Thomas D. Endicott, deceased, not in the name of the executors, but in that of the "Estate of T. D. Endicott." The mistake in the name is not important. That can be amended by the court, and will be considered as amended for the purpose of this suit. The executors paid the tax on the real estate, but say that the personal property cannot be assessed in Hamilton township, as both executors reside elsewhere. Mordica T. Endicott lives at Norfolk, Virginia, and Charles G. Endicott at Westfield, Union county, New Jersey.

*Rev.*, *p.* 1153, *pl.* 66, § 7, enacts that every person shall be assessed, in the township or ward where he resides, for all personal estate in his possession or under his control as trustee, guardian, executor or administrator; and in case the owner or owners of personal estate shall be non-residents of this state, then and in that case the said personal estate shall be taxed in the township or ward where the same may be situate, &c. There can be no question that under this statute the personal property of this estate might be assessed to Charles G. Endicott where he resides, at Westfield, Union county; and as it appears in evidence that he has the actual possession of all the personal property, excepting the household goods in the homestead occupied by the widow, and as executor has the legal control of that, he is the only person who can be assessed, in the absence of the other executor from the state. The personal property, under this statute, follows the residence of the executor for the purpose of taxation. *Ely* v. *Holmdel*, 10 *Vroom* 79.

There is no way to remedy this error in the assessment, as the court can make no lawful levy which would enure to the benefit of the township of Hamilton, or impose a tax on the executors, or the property, for another township, where an assessment may or may not have been already made.

The tax on the personal property of this estate will be set aside, but without costs.