## MILLER *v.* BROOKS, administrator.

1. An execution for municipal taxes, not describing any particular property, but simply directing the seizure of the goods and chattels, lands and tenements, of "the estate of A. J. Miller," is void, and a purchaser at a sale under the levy of such an execution obtains no title.
2. A levy upon a lot of land, which identifies it only by reference to a given number in a named city, will be held to be void for uncertainty, when there are several lots of that number in the city.
3. An entry on a tax execution of a levy on land, actually written by a deputy sheriff, but signed by the sheriff, is the official entry of the sheriff; and if amendable at all, it can not, after the death of the sheriff and the deputy has gone out of office, be amended by the deputy.
4. A case involving several issues was submitted to a jury, with instructions to find against the plaintiff on one of them.    The plaintiff secured a verdict on another issue.    The defendant's motion for a new trial was overruled, and the case brought to the Supreme Court.    *Held*, that the defendant in error might, without filing a cross-bill of exceptions for that purpose, contend in that court that the evidence demanded a finding in his favor on the issue which the judge instructed against him, and that for this reason the motion for a new trial was properly overruled, notwithstanding the judge may have committed error in charging upon the other issues in the case.

Argued April 13, — Decided May 13, 1904.

Levy and claim.     Before Judge Cann.     Chatham superior court.    February 6, 1904.

*Saussy & Saussy* and *R. R. Richards*, for plaintiff in error.
*Adams & Adams*, contra.

COBB, J.    A mortgage execution in favor of Brooks, as administrator of Mousseau, against the executors of the will of A. J. Miller, and the western half of lot number 37 Jackson ward and improvements in the City of Savannah, Georgia, was levied upon the property described therein, and a claim was interposed by G. H. Miller.   The case was tried before Judge. Barrow, and resulted in a verdict finding the property subject.   Judge Barrow having died on the day that the verdict was rendered, a motion for a new trial was made before his successor, Judge Cann, who refused to set aside the verdict.    The claimant excepted.

1. The motion for a new trial contains numerous grounds, but, under the view we have taken of the case, it becomes unnecessary to deal with many of them.    The claimant's title depended upon two tax sales, one under an execution in favor of the City of Savannah, and the other under an execution in favor of the State and county.    We have reached the conclusion that the evidence demanded a finding that both sales were void, and that therefore there was no error in overruling the motion for a new trial.   Real estate in Savannah is assessed for taxation by official assessors, and not by returns made to the tax-receiver.   The property in controversy was assessed for city taxes as the property of "the estate of A. J. Miller;" and the city treasurer issued an execution which did not describe any particular property, but commanded the marshal generally that " of the goods and chattels, lands and tenements, of the estate of A. J. Miller, he cause to be made and levied " the amount claimed for taxes; the execution reciting that " the said estate of said A. J. Miller " had refused and neglected to pay the taxes in the time prescribed by the ordinance.    This execution was levied upon the property in controversy, and after due advertisement the property was sold at the time and place fixed by law, and the claimant became the purchaser.    The time for redemption expired without an effort to redeem from any one interested in the property.   The code provides:   " Taxes are to be charged against the owner of the property if known, and against

the specific property itself if the owner is not known." Political Code, § 778. This rule did not appear in any of the earlier codes. It was taken from the decision in *Burns* v. *Lewis*, 86 *Ga.* 602, where Mr. Chief Justice Bleckley uses the following language: " In this State the universal rule, unless some statute can be shown to vary it in particular instances, is that taxes are to be charged upon the owners of property. Owners, therefore, have an interest in being properly designated in executions which issue for the collection of taxes upon their property, or, if they can not be designated with reasonable certainty, that the property shall be pointed out in the executions as authority for seizing it irrespective of ownership, or as the property of some particular person. In all cases of doubt, the execution should specify the particular realty on which the tax accrued, and direct the officer to seize it or so much of it as is necessary to pay its own taxes. This is especially true where the system of assessment, as in Atlanta, is by official assessors, and not by returns made to a tax-receiver." The owner of property must be a natural person, a corporation, or a quasi person or entity, such as a partnership. The law recognizes no other owners of property. " The estate of A. J. Miller" is not the name of a natural person, and does not import either a partnership or a corporation. Consequently on the face of the assessment and execution the name of no owner appears. They are, therefore, prima facie void. The general rule seems to be that, in the absence of a statute permitting the contrary, the tax assessment must disclose either the name of a person as owner, or use such descriptive words as would indicate ownership in some person. An assessment against " the widow and heirs of A. B., deceased" has been held good, because it was by description against certain persons. *Wheeler* v. *Anthony*, 10 Wend. 346. An assessment against " Henry Toland's heirs" seems to have been held sufficient in *Ronkendorff* v. *Taylor's Lessee*, 4 Pet. 349. " A's heirs" was held sufficient in *Noble* v. *Indianapolis*, 16 Ind. 506. A sale under an assessment against " the estate of Andrew King, deceased," was, in *Jackson* v. *King* (Ala.), 3 So. 232, held to convey no title. As also an assessment to the " estate of Parkhurst." *L'Engle* v. *Wilson*, 21 Fla. 461. And also an assessment to the " Estate of Orrin Woodman." *Inhabitants of Fairfield* v. *Woodman*, 76 Me. 549. See also *Cook* v. *Leland*, 5 Pick. 236;

Vaughan *v.* Commissioners, 154 Mass. 145 ; Fowler *v.* Campbell (Mich.), 59 N. W. 185 ; Trowbridge *v.* Horan, 78 N. Y. 440 ; Sawyer *v.* Mackie (Mass.), 21 N. E. 307.     The only case which has been called to our attention which, on general principles, takes a contrary view is that of Kingman *v.* Glover, 3 Rich. L. 27, 45 Am. Dec. 756, where the Supreme Court of South Carolina held that a tax warrant issued against " the est. of Mrs. E. A. Hammond," properly construed, was an execution against the estate of the person named, and so construed was valid.     In Louisiana it has been held that a tax assessment against the estate of a deceased person was in substance an assessment against his " succession ;" and that as under the civil law, which there prevails, the succession of a deceased person was an entity, the assessment was valid.     New Orleans *v.* Estate of Stewart, 28 La. Ann. 180 ; Carter *v.* New Orleans, 33 La. Ann. 816.     In Dickison *v.* Reynolds, 48 Mich. 158, an assessment against the estate of a deceased person was held to be the legal equivalent of an assessment against the heirs or devisees of such person, and valid under a statute authorizing an assessment of the latter character.     In State *v.* Platt, 24 N. J. L. 108, an assessment against " the estate of J. B. Coles, deceased," was held to be not such an error as would authorize the court to set aside the same on certiorari, but doubt was expressed as to whether a sale of lands under such an assessment would convey title.     In the cases of Douglas Company *v.* Com. (Va.), 34 S. E. 52, Moale *v.* Baltimore, 61 Md. 224, and State *v.* Corson (N. J.), 13 A. 265, assessments against the estates of deceased persons as such seem to have been upheld under peculiar local laws regulating the matter of tax assessments.

Under the provisions of the code above quoted, as well as under the general principles of law applicable to such cases, the assessment and execution in the present case were void, because the assessment was not made nor the execution issued against any person.     This view of the matter is strengthened when we take into consideration the provisions of the charter of Savannah, where the power of the municipality to levy taxes is distinctly limited to assessments and taxes " on the inhabitants of said city, and those who hold taxable property within the same, and those who transact or offer to transact business therein."     Code of 1882, § 4847.     The scheme of the charter is in accord with the general

principles of law requiring, in the absence of a statute to the contrary, taxes and assessments to be, as a general rule, against persons, and, only against property when the owner or person subject to the assessment is unknown.

2. The claimant was also the purchaser at a tax sale had under an execution issued for State and county taxes for the years 1894 and 1895. The tax executions were issued against Mrs. Elizabeth Miller, and each contained a levy in the following words: "Under and by virtue of the above fi. fa. I have levied upon the following described property of the defendant, and I will sell the same in terms of the law to satisfy this fi. fa.: west half (1/2) lot (37) thirty seven and improvements, City of Savannah." The levies were signed by John T. Ronan, sheriff Chatham County, Georgia. It was admitted in open court that there were a large number of lots 37 in the City of Savannah, and only one lot 37 in Jackson ward. In the light of this admission, the levy does not identify any particular lot of land, and was therefore void. *Brown* v. *Moughon*, 70 *Ga.* 756; *Ansley* v. *Wilson*, 50 *Ga.* 418; *Collins* v. *Dixon*, 72 *Ga.* 475; *O'Kelley* v. *Gholston*, 89 *Ga.* 1; *Brinson* v. *Lassiter*, 81 *Ga.* 41. In the case of *Morgan* v. *Burks*, 90 *Ga.* 287, the description was far more definite than in the present case, the property there being described as "the west half of city lot number 79 on the corner of Broad street in the city of Albany, Ga." While in the case of *Studstill* v. *Wilcox*, 94 *Ga.* 692, it was apparently held that a levy on real estate might be aided by parol evidence, it must be kept in mind that in that case the levy was being relied on as color and not as muniment of title. If the ruling went any further than this, the decision must yield to former rulings with which it is in conflict, such as *Brown* v. *Moughon*, supra.

3. Complaint is made because the court refused to allow the sheriff's levy to be amended by inserting the words "Jackson ward" after the lot number. It appeared that Ronan, the sheriff, was dead; that the body of the levy was actually written by Humphries, Ronan's deputy ; and Humphries who was still in life, but no longer in office, was in court and willing to make the amendment. There was no error in this ruling. The case of *Hudspeth* v. *Scarborough*, 69 *Ga.* 777, is controlling in principle, although the facts are not exactly the same. In that case the sheriff

who made the entry was dead, and it was sought to have the same amended by his successor, who had been his deputy. See also *Ansley* v. *Wilson,* 50 *Ga.* 418.

4. Judge Barrow charged the jury that the city tax sale was valid. The jury evidently based their verdict as to this sale upon the ground that the sale, though valid as a tax sale, was void for other reasons which are not necessary to be referred to now. It is contended by counsel for the plaintiff in error that the defendant in error can not in this court claim that the evidence demanded a verdict in his favor as to the city tax sale, when he has not by cross-bill of exceptions assigned error upon the instruction that it was valid. We can not concur in this view. Of course, the defendant in error can not invoke a decision on. any ruling made by the judge, either in admitting evidence or in charging the jury, in the absence of a cross-bill of exceptions ; but when the case is here upon the bill of exceptions of his adversary, complaining that the court erred in refusing to grant a new trial, the defendant in error can set up any sufficient reason that may exist which would authorize this court to hold that the judgment refusing a new trial was proper. If it can be shown that no other verdict than the one rendered could have been rendered consistently with the law and the evidence, then this court will not reverse the trial judge for refusing to grant a new trial. A new trial will never be granted if the evidence demanded the verdict rendered, even though the judge may have committed errors in his charge. If the only possible legal result has been reached by the jury, the judgment of the trial judge will not be reversed at the instance of the losing party merely for the purpose of allowing the case to be heard again that the same result may be brought about.

*Judgment affirmed. All the Justices concur.*