## 5767.  RAOUL v. CITY OF ATLANTA.

Under the defendant's own statement he was guilty as an accessory to the violation of the city ordinance which he was charged with violating, and therefore was subject to be punished as a principal; and it was not error for the judge of the superior court to refuse the writ of certiorari. Where all the facts in a case demand the judgment rendered, it will not, merely because there may have been error committed by the trial judge, be sent back for another hearing, in order that the same judgment may be more technically rendered.

DECIDED SEPTEMBER 19, 1914.

Certiorari; from Fulton superior court—Judge Pendleton. May 8, 1914.

*J. L. & C. N. Anderson,* for plaintiff in error.

*J. L. Mayson, W. D. Ellis Jr.,* contra.

RUSSELL, C. J. Raoul was tried and convicted in the recorder's court of the City of Atlanta for violating a section of the city code which prohibits the keeping of liquor on hand for unlawful sale. The defendant was admittedly the secretary and treasurer of the Owls Club. The evidence showed conclusively that the Owls Club did keep on hand liquor, and that it was so kept for the purpose of unlawful sale. Several witnesses swore positively that they had purchased liquor at the club. The defendant in his statement did not deny this, but said: "Your honor, there is no question as to the evidence that has been submitted. It is merely a question, as I see it, of whether I made the sales." The defendant denied that he purchased the whisky kept in the club, or that he ever made any sales, but said: "I am paid on a percentage basis—that is 10 per cent. upon all the receipts of the lodge and club, including *sales,* dues, fees, and everything. That is by way of compensation for the services I render, and is voted by the lodge. The lodge prefers to compensate me that way instead of by salary." The defendant did not undertake to deny that there were sales made in the club, but admitted that they were made, and that he got for his services 10 per cent. on the sales. There was also undisputed evidence that the defendant refused to accept a salary from the club, but that he insisted upon a percentage of the income of the club for his services, and that whatever the defendant told them to do with reference to the "saloon feature" they did. Can it be denied that the defendant, under his own admissions, was an accessory to the violation of this ordinance? That there was a community of un-

lawful purpose can not be denied. The defendant was pecuniarily interested in every sale made of the liquor, and was, therefore, also interested in the keeping of it on hand. Under the defendant's own admissions, he was clearly guilty; and even if the recorder might have considered illegal testimony or committed other errors on the trial, the judge of the superior court did not err in refusing the writ of certiorari, when the only possible legal result had already been reached. If the only possible legal result has been reached, the judgment of the trial judge will not be reversed for the purpose of allowing the case to be heard again, that the same result may be brought about more technically. *Miller v. Brooks,* 120 *Ga.* 237 (47 S. E. 646). In *Pitts* v. *Atlanta,* 14 *Ga. App.* 399 (81 S. E. 249), we reversed the judgment of conviction because there was no evidence that the accused had any knowledge of the illegal sales, but in the present case the statement of the defendant that his compensation depended on the number and amount of the total sales charged the defendant with knowledge, and this, with other circumstances, distinguished this case from the *Pitts* case.

*Judgment affirmed. Roan, J., absent.*