JOSEPH BUTTERFIELD & others *vs.* IRA CAVERLY.

In an action of trespass, for an assault and battery, brought in this court or in the court of common pleas, the plaintiff will be entitled to full costs, though he does not recover more than twenty dollars damages, provided the title to real estate is drawn in question on the trial, although not appearing upon the record or pleadings.

THE facts of this case sufficiently appear in the opinion of the court.

*B. F. Butler*, for the plaintiffs in error, cited *St.* 1807, *c.* 123; Rev. Sts. *c.* 121, § 3; *Bickford* v. *Page*, 2 Mass. 455, 462 note: *Dummer* v. *Foster*, 7 Mass. 476; *Butterfield* v. *Pearson*, 10 Mass. 410; *Crocker* v. *Black*, 16 Mass. 448; *St.* 1817, *c.* 186, § 4; *Blood* v. *Kemp*, 4 Pick. 169, 173; *Ryder* v. *Hathaway*, 2 Met. 96; *Snow* v. *Hall*, 3 Greenl. 94; *Crosby* v. *Moore*, 6 N. H. 57.

*R. B. Caverly*, for the defendant in error.

SHAW, C. J.   This is a writ of error to reverse a judgment of this court, in an action of trespass for an assault and battery, in which the plaintiff had a judgment for one dollar damages and full costs.   The only error assigned is, that judgment should have been rendered for costs to the amount only of one quarter part of the damages recovered.

The question depends upon the Rev. Sts. *c.* 121, § 3, which provides, that in all personal actions brought originally in the court of common pleas, except actions of replevin and of tres-

pass on real estate, and actions on the case for disturbance of an easement, and all others in which the title to real estate may be concerned, if the plaintiff shall finally recover any sum not exceeding twenty dollars, he shall be entitled for his costs to no more than one quarter part of the debt or damages so recovered." The thirteenth section provides, that, in all real actions, &c., and all others, in which the title to real estate may be concerned, the party finally prevailing shall recover his full costs.

The manifest object of these provisions is, to prevent a plaintiff, who has a small demand, fit to be tried by a justice of the peace, at a small expense, from bringing it before a higher court, as he may do, by laying his damages over twenty dollars; and to provide, that if he does so, it shall be at the peril of losing his costs. But this purpose of the statute must be taken in connection with another, which is, that a question of title to real estate shall not be tried by a justice of the peace. The latter position is sustained by a reference to another provision of the Rev. Sts. *c.* 85, §§ 1, 3, which establishes and regulates the jurisdiction of justices of the peace, and by which it is enacted, that justices of the peace shall have original and exclusive jurisdiction of all civil actions, wherein the debt or damages demanded do not exceed twenty dollars, excepting real actions, actions of trespass on real estate, for a disturbance of a right of way or other easement, and all other actions, in which the title to real estate may be concerned.

Comparing the different provisions of the statutes, it appears to us, that the legislature intended to accomplish the two purposes above stated, by enumerating and excepting specifically certain actions, in which title to real estate is likely to be drawn in question, and all others in which, in point of fact, on the trial, the title to real estate shall be drawn in question. There is a large class of cases in which the title to real estate may be drawn in question, according to the course the controversy may take, after the commencement of the action; indeed it is scarcely possible to imagine a civil action, in which the claim of the plaintiff, or the justification of the defendant, may not draw in question title to real estate. Certainly, an

action for assault and battery may be of this character, because acts may be done by a man in defence of his title and possession, which would be justifiable and no assault, but which, if he had no such title, would constitute an assault and battery. If this be so, then the exception to the justice's jurisdiction, and the consequent title to full costs, cannot depend on the nature of the action, or form of the writ, so as to appear on the record, but upon the fact, which may come out on the trial, and not before, that a title to real estate was drawn in question. That such was the intent of the statute, we think is shown by § 3, which provides, that when it shall appear, by the pleadings or otherwise, in any action pending before a justice of the peace, that the title to real estate is concerned or brought in question, the facts shall, if not otherwise appearing, be stated on the record, and then the case may be removed, at the request of either party.

From this clause, it is manifest, not only that the jurisdiction depends upon the fact occurring at the trial, but that this need not appear by the pleadings. The terms are, " actions in which the title to real estate may be concerned." This language, we think, is used, because it looks to the future, and to actions which may afterwards be brought. But after judgment has been rendered, and the fact, which was before contingent, has become certain, the title to costs depends on the fact, whether the title to real estate was brought in question. We think, therefore, that the judge was right, in regarding the error assigned as an error in fact, and directing an issue to try it.

The plaintiff, in bringing his action, must govern himself by the nature of the controversy, which must be well known to him. If he believes that it will turn on a question of title to real estate, and in that case involve a question of great importance, although his pecuniary damages are small, he may bring his action, in the first instance, in a court of record; the court has jurisdiction, and if, upon the trial, the question of title to real estate does in fact arise, the plaintiff is within the exception, and if he recovers any damage, he will have his full costs.

It is argued, in support of this writ of error, that in order to enable the plaintiff to recover his full costs, it must appear on the record of the judgment, that the title to real estate was drawn in question. Even if this were true under the old forms of pleading, it cannot be so under the present system, where nothing is required but a very general declaration and a general issue, under which all questions in controversy may be tried, including title to real estate, when it is necessarily involved. It is also to be recollected, that a bill of particulars and specification of defence are not part of the record, though they may be resorted to as evidence of a fact. But a party may specify grounds of claim or defence, on which he may give no evidence ; such specification, therefore, cannot prove, that any particular fact or subject of controversy was drawn in question.

The plaintiff in error has cited a series of cases in support of his proposition ; but it is manifest, that they were all decided under the former statutes, except the last cited case of *Ryder* v *Hathaway*, 2 Met. 96, in which full costs were allowed, on the ground, that in point of fact title to real estate was drawn in question. But by the statute, the whole system of the law of justices' jurisdiction, and costs as a consequence, was put upon a different footing, and made to depend upon the fact and not upon the record. *Lawrence* v. *Souther*, 8 Met. 166.

It may be asked, how the fact is to be tried. It seems to us there can be no difficulty. The defendant has a right to be present at the taxation of costs before the clerk, when the fact is recent, and may be easily ascertained. Where it becomes necessary to establish, by judicial proof, what question was tried in a former suit, after offering the record of the judgment, showing that the matter in question was within the issue and might have been tried, but because of the declaration and plea being general, it does not appear by the record whether it was or not, the fact may be proved by parol evidence. *Eastman* v. *Cooper*, 15 Pick. 276, 286. If the clerk allows full costs, when the defendant thinks he ought not, the defendant may appeal, and have the case decided by the court. In a case, where full costs might or might not be allowed, ac-

cording to circumstances, and full costs have been taxed, and no appeal taken, we must presume, after judgment, that the costs were legally taxed.

If the plaintiff in error is right, in insisting that this is an error in law, and that evidence *aliunde* ought not to be admitted, we do not perceive that there is sufficient matter apparent on the record to show that this judgment is erroneous, and require that it should be reversed. To effect this, it must appear affirmatively that the costs were improperly taxed. If the law were general, that in all cases where a plaintiff recovers no more than twenty dollars, he shall have but a quarter costs, it would follow, that as the judgment shows a recovery under twenty dollars, the allowance of full costs would be erroneous. But it is not so; it is only in certain cases, that a quarter of the damages only is allowed for costs. Unless, therefore, the record discloses that case, the error is not apparent on the record. If trespass for assault and battery is an action in which the title to real estate may be drawn in question, of which we think there can be no doubt, then it is a case in which full costs can be legally given, and the taxation and allowance of such costs, therefore, do not necessarily prove the judgment to be erroneous. So that whether we confine ourselves to the record, or look at the extraneous proof, we think there is no sufficient ground shown for reversing this judgment.

*Judgment affirmed.*