Eliza Carleton, administratrix, *vs.* Inhabitants of Ash-
burnham.

Under the Gen. Sts. c. 11, § 12, cl. 7, no tax can be assessed to an administrator, if his intestate's estate has been distributed among the parties interested, and the assessors are notified thereof; although he has never settled an account in the probate court.

Assessors of a town may abate a tax assessed by the assessors of the preceding year.

Handing to a collector simultaneously the amount of a tax and a written protest is a payment after protest within the Gen. Sts. c. 12, § 56.

Contract to recover the amount of a tax assessed in May 1866 to the plaintiff, as administratrix of the estate of her deceased husband, and alleged to have been paid by her under protest. The case was referred by agreement of parties and rule of the superior court.

The referee reported that, before the assessment, an informal settlement and distribution of the whole of the husband's estate had been made between the plaintiff and the other persons interested therein, and that the assessors of the defendants had been notified of this settlement and distribution, but that the plaintiff never settled any account, as administratrix, in the probate court; that the plaintiff had no notice of the tax till December 1866; that in March 1867, the assessors of that year, who were not the same as those who made the assessment in the previous year, abated the tax; that the collector, notwithstanding, threatened to enforce the collection of the tax; and that the plaintiff then paid him the amount of the tax, and, at the same time at which she handed it to him, handed him also a written protest. The referee awarded that the plaintiff should recover the amount paid by her, and, by agreement of parties, reported to the court the questions of law arising on the above facts. The court ordered judgment on the award, and the defendants appealed.

*C. H. B. Snow*, for the plaintiff.

*G. A. Torrey*, for the defendants.

COLT, J. Upon the facts reported, there is no error in matter of law in the award of the referee.

1. Before the assessment was made, there was a settlement and distribution of the estate, by amicable arrangement among all parties interested, of which the assessors were notified. We cannot construe the seventh clause of the Gen. Sts. *c.* 11, § 12, as requiring that the estate shall be distributed and paid over, under a formal settlement and decree in the probate court, before it can be exempt from taxation to the administrator. If this were so, then all estates must go through a regular course of administration, however desirous the parties may be to avoid, by settlement among themselves, the expense and delay of going to the probate court.

2. The report does not show but that the tax was legally abated. We do not find anything in the statute which requires that the tax shall be abated by the same persons who assessed it. Their successors in office may do it, if the party assessed makes application within six months from the date of the tax

bill, and brings himself within the other requirements of the law *Hubbard* v. *Garfield, ante,* 72.

3. It is contended that, as by Gen. Sts. *c.* 12, § 56, no money paid to a collector of taxes can be recovered back, unless it appears that it was paid after a written protest, the plaintiff must fail, because it is found in this case that the money and written protest were handed to the collector at the same time. But it is an old principle that, when two acts are done at the same time, the one shall take effect first which ought in strictness to have been done first in order to give it effect. *Claflin* v. *Thayer,* 13 Gray, 459. *Judgment affirmed.*