SAMUEL F. BATCHELDER & others, executors, *vs.* CITY OF CAMBRIDGE.

Middlesex.    January 22, 23, 1900. — June 20, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Abatement of Taxes assessed to Executors — Sworn List — Basis of Assessment — Statute.*

In this case, which was a petition for the abatement of taxes paid under protest by executors who had settled the estate and distributed the legacies within four months from the proving of the will, in September, 1896, the basis of assessment was the sworn list of the taxable personal property of the testator held by the executors on May 1, 1897, and filed on June 9, as of May 1; and the court rightly found for the executors.

PETITION to the assessors of the city of Cambridge for the abatement of certain taxes assessed to the executors of the estate of Alfred F. Washburn upon certain personal property, and an appeal from their decision to the Superior Court.

The case was submitted to that court, and, after judgment for the petitioners, to this court, on appeal, upon agreed facts, in substance as follows.

On May 1, 1896, the testator made to the assessors of Cambridge a correct sworn return of taxable personal estate valued at $19,000, for which he was assessed. He died on September 4, 1896, and his will was proved on September 22. The assessors taxed the executors for the year 1897 for the personal property, $19,000, the amount being $341.25. This assessment was made on September 1, 1897.

The taxable property of the testate was all personal, and at his decease was $31,545. Prior to January 24, 1897, this property was in part used to pay expenses of administration, in part

to pay debts, and in part was turned over to the legatees in accordance with the will. These legatees were in part non-taxable charities, in part persons who made returns for taxation (including the property thus received) in Cambridge in 1897, and in part persons who lived elsewhere or who made no returns. Only a small taxable balance in cash remained after January, 1897, in the executors' hands, which, on May 1, 1897, amounted to $514.92. No notice of their action was given to the assessors other than that hereinafter stated, save that on June 9, 1897, the executors duly filed with the assessors a list made out and sworn to of the taxable personal property of the testator held by them on May 1, 1897, namely, the aforesaid $514.92, but gave no account of the distribution of the estate. The assessors on August 6, 1897, made a written demand upon the executors for the account of the distribution, but received no reply. No inventory or account of the executors was filed in the probate office. Subsequently, however, on November 22, 1897, two of the three executors were in attendance before the assessors and answered all inquiries as to the nature and amount of the personal property left by the testator, and its disposal and distribution, and exhibited their accounts. This was after the first and before the second assessment. By the accounts it appeared that on January 16, 1897, the executors had in their hands personal estate estimated by them at the value of $126,000, $32,000 of which was in cash or taxable securities.

The assessors, on December 18, 1897, taxed the executors on the further amount of $14,000 of personal estate $227.50, making, with the amount of $341.25, as before stated taxed on September 1, 1897, a tax in all of $568.75, which the executors paid under written protest. The executors applied for an abatement thereof to the assessors, who refused to grant the application and to make an abatement, and gave notice in writing of their decision on February 11, 1898. The executors then brought this proceeding. The executors contended that they should only be taxed $9.01 on the $514.92, whereas the respondent contended that the tax of $568.75 was proper and legal.

If, upon the above facts, this tax of $568.75 was legal, judgment was to be entered for the respondent; but if illegal, judgment was to be entered for the petitioners to the amount of

$559.74, with interest from March 23, 1898. The judge found for the petitioners in the sum of $614.22.

*G. A. A. Pevey,* for the respondent.

*W. W. Vaughan,* (*H. G. Vaughan* with him,) for the petitioners.

MORTON, J. In *Vaughan* v. *Street Commissioners,* 154 Mass. 143, the executor had been assessed, and had paid taxes on the amount for which he was assessed, and the amount for which he was taxable was thus fixed for succeeding assessments, unless he brought in a list, and, in case of distribution, gave notice to the assessors of the names and residences of the distributees, and of the amounts paid to them. Pub. Sts. c. 11, § 20, cl. 7; c. 11, §§ 38, 44. In this case the executor had not been assessed at all, and consequently Pub. Sts. c. 11, § 48, does not apply. The question is, How was the amount for which the executor was to be first taxed to be determined, and as of what date was it to be determined? And we think that it was to be determined as of May 1, 1897, in this case, and in the same manner as the amount for which other taxpayers are to be assessed is determined, namely, by the list which was carried in, or, if a list had not been carried in, then the assessors were to ascertain as nearly as practicable the particulars of the estate for which the petitioners were taxable, and to make an estimate thereof at its just value, according to their best information and belief. In case an executor or administrator has been assessed, the amount of such assessment determines the basis of succeeding assessments, unless he brings in a list, and, if there has been a distribution, furnishes the list required by Pub. Sts. c. 11, § 20, cl. 7. If he has not been assessed, there is no basis except that provided in the case of taxpayers generally, which is the list that is required to be brought in as of the first day of May, or, if no list is brought in, then such information as the assessors are able to obtain otherwise. And, although the language of clause 7 may be broad enough, perhaps, to include cases where a distribution has taken place before an executor or administrator has been assessed at all, still, in the absence of any provisions by which the amount for which an executor or administrator shall be assessed in such a case is to be determined, except those relating to taxpayers generally, we think that it could not have been intended that any different rule should be applied to executors or administra-

tors so situated from that applied in the case of other taxpayers. This view is somewhat strengthened by the nature of the amendment made by St. 1894, c. 354, § 1, to Pub. Sts. c. 11, § 44.   In the present case, the petitioners duly filed a list as required by the notices issued by the assessors, and afterwards, at the request of the assessors, answered all inquiries as to the nature and amount of the personal property left by the testator, and its disposition. We think that, according to the terms of the report, the entry should be, judgment on the finding for the petitioners.

*So ordered.*