FRED W. WHITE *vs.* MAY L. MOTT, executrix.

Worcester.    September 30, 1902. — October 30, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Tax.   Executor.*

Pub. Sts. c. 11, § 20, cl. 7, (R. L. c. 12, § 23, cl. 7,) directing that a tax on the estate of a deceased person shall be assessed to the executor or administrator " for the space of three years, unless the same has been distributed and notice of such distribution has been given to the assessors stating the name, residence, and amount paid to the several parties interested in the estate who are inhabitants of the commonwealth," requires a notice to be given in every case, whether the distributees are inhabitants of the Commonwealth or not.  In case they are such inhabitants the further requirement applies.

CONTRACT by the collector of the city of Worcester assessed for the years 1899 and 1900 to the defendant as executrix under the will of Sarah E. Lenox.    Writ dated January 20, 1902.

The substance of the answer is stated by the court.    In the Superior Court *Gaskill,* J. sustained the plaintiff's demurrer to the answer, and being of the opinion that the matter ought to be determined by this court before further proceedings were had in the Superior Court, reported for determination by this court the questions of law raised by his decision.    If his ruling was right, final judgment was to be entered for the plaintiff ; otherwise, final judgment was to be entered as law and justice might require, either for the defendant, or for the plaintiff for such amount as he was entitled to recover upon the facts alleged.

*A. P. Rugg & E. I. Morgan,* for the plaintiff.

*R. Hoar,* for the defendant.

HOLMES, C. J.    This is an action against a Massachusetts executrix for taxes assessed in 1899 and 1900.    The tax assessed in 1898 is admitted to have been paid.    The defendant answers that before May 1, 1899, she distributed to herself as the person entitled thereto all the estate of her testatrix, and that she is a resident of New York, but admits, as alleged in the declaration, that she gave the assessors no notice of distribution.    The plaintiff demurs to the answer.    The only question raised is whether such a notice was required by Pub. Sts. c. 11, § 20, cl. 7.    (R. L.

c. 12, § 23, cl. 7.)    The language is that the tax shall be assessed to the executor " for the space of three years, unless the same has been distributed and notice of such distribution has been given to the assessors stating the name, residence, and amount paid to the several parties interested in the estate who are inhabitants of the commonwealth."    We see no doubt as to the plain meaning of these words.    They require a notice in every case, and they add a further requirement when the distributees are inhabitants of the Commonwealth and may be taxed in their turn.    The history of the act confirms the natural interpretation.    The provision was inserted in the Revised Statutes, at the suggestion of the commissioners in the form of a liability, unlimited in point of time, in all cases until notice. Rev. Sts. c. 7, § 10, cl. 7, and commissioners' note.    This was continued in Gen. Sts. c. 11, § 12, cl. 7.    Later it was enacted that personal property held by an executor should be taxable according to the last cited clause for three years after his appointment unless, substantially as quoted above.   St. 1878, c. 189, ·§ 2.    There is nothing in this to suggest that it was intended to diminish the generality of the original requirement, or to do anything except to add a new one and to limit the consequences of neglect in point of time.

*Judgment for plaintiff.*