ELIZABETH BLACKIE & another, executors, *vs.* CITY OF BOSTON.

Suffolk.    January 12, 1911. — March 2, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Tax*, Assessment. *Executor and Administrator*, Taxation of property in the hands of.

R. L. c. 12, § 50, re-enacted in St. 1909, c. 490, Part I. § 49, is as follows: "After personal property has been legally assessed in any city or town to an executor, administrator or trustee, an amount not less than that last assessed by the assessors of such city or town in respect of such property shall be deemed to be the sum assessable, until a true list of such property is brought in to the assessors . . ." *Held*, that there is nothing in this statute to prevent an assessment for a larger amount than that last assessed upon the property, if the executor, administrator or trustee has such larger amount in his possession.

CONTRACT, by the executors of the will of John Blackie, for $4,990.63 paid to the defendant under protest as taxes assessed to the plaintiffs as such executors for the year 1909. Writ dated December 27, 1909.

In the Superior Court the case was submitted to *Hardy*, J., upon an agreed statement of facts, containing the facts which are stated in the opinion. The judge found for the defendant and ordered judgment accordingly. From the judgment entered pursuant to this order the plaintiffs appealed.

*G. F. Piper*, for the plaintiffs.

*K. Adams*, for the defendant.

KNOWLTON, C. J. This case calls for a construction of the R. L. c. 12, § 50, which is re-enacted in the St. 1909, c. 490, Part I. § 49, and is as follows: "After personal property has been legally assessed in any city or town to an executor, administrator or trustee, an amount not less than that last assessed by the assessors of such city or town in respect of such property shall be deemed to be the sum assessable, until a true list of such property is brought in to the assessors. . . ."

The plaintiffs are the executors of the will of John Blackie, who died in Boston in December, 1907. As such executors, they never have brought in to the assessors a list of the property in their hands belonging to his estate. Under the R. L. c. 12, § 47, it was the duty of the assessors, in the absence of such a

list, to "ascertain as nearly as possible the particulars of the personal estate," . . . and to "estimate its just value according to their best information and belief." Acting under this section, they assessed the plaintiffs for the year 1908 upon personal estate at a valuation of $100,000. In December, 1908, the plaintiffs filed in the Probate Court an inventory showing personal property of the deceased in their hands to the amount of $309,156.67 in taxable securities. Thereupon the assessors, acting under the R. L. c. 12, § 85, relative to omitted assessments, assessed them for that year upon personal property to the amount of $50,000 in addition to the amount previously taxed, making their entire assessment for that year cover personal estate of the value of $150,000. In the year 1909, no list having been brought in, the assessors taxed them upon personal property of the value of $300,000. The value of the estate then in their hands was substantially the same as shown by the inventory, namely, $309,156.67 in taxable securities.

The plaintiffs contend that, under the section quoted above, the plaintiffs could never be taxed for an amount greater than that for which they were taxed in the year 1908, even though the assessors, estimating only upon such information as they could obtain, assessed them in that year upon less than half their taxable property.

The statute does not warrant this construction. By the terms of the section, executors are assessable in a case of this kind for "an amount not less than that last assessed" as in their hands. There is nothing to prevent an assessment for a larger amount if they have a larger amount in their possession. This provision is for the convenience and protection of assessors, and for the interest of the general taxpayers, so that the tax can safely be assessed upon the former amount, if the executors fail to perform their duty to bring in a list. If they have distributed the property, or any part of it, they can protect themselves and the estate by bringing in a list as required by the R. L. c. 12, § 41, or by showing a distribution under the R. L. c. 12, § 23, cl. 7, which sections with slight changes are re-enacted in St. 1909, c. 490, Part I. §§ 41, 23, cl. 7.

It is the policy of our law to make assessments upon all property not specially exempt from taxation. R. L. c. 12, §§ 23, 47.

It would defeat the purpose of the law if the plaintiffs, by failing to bring in a list and leaving the assessors to ascertain and estimate from imperfect information, could hold the assessors bound for future years by their first erroneous valuation. The quoted section is given full effect by treating it only as a limitation, preventing a taxation for a less amount until a true list is brought in as required by law.

The dictum in *Vaughan* v. *Street Commissioners*, 154 Mass. 143, 147, was outside of the questions involved in the decision, and is not to be treated as an adjudication of the court.

*Judgment for the defendant.*