FREDERICK R. SEARS & others, executors, *vs.* ASSESSORS OF THE TOWN OF NAHANT.

SAME *vs.* SAME.

Essex.     January 26, 1911. — March 2, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Mandamus. Certiorari. Tax,* Abatement. *Constitutional Law.*

A writ of mandamus will not lie to command the assessors of a town to change their decision refusing to abate a tax.

A writ of certiorari will not be issued directed to the assessors of a town for the purpose of revising and correcting errors of law alleged to have been made by them in refusing to abate a tax.

The remedies given by R. L. c. 12, §§ 77, 78, to a person aggrieved by the refusal of the assessors of a town to abate a tax are constitutional.

TWO PETITIONS, filed on November 30, 1910, respectively for a writ of mandamus and for a writ of certiorari against the assessors of the town of Nahant.

To the petition for the writ of mandamus the respondents demurred. In the second case the respondents filed a motion to dismiss the petition.

The cases were heard together by *Braley, J.* In the first case he sustained the demurrer of the respondents, and ordered that the petition be dismissed. Upon the petition for a writ of certiorari he ruled that that remedy would not lie upon the allega-

tions contained in the petition, and ordered that the petition be dismissed.

At the request of the petitioners, the justice reported the cases for determination by the full court. If the rulings were right the petitions severally were to be dismissed. If the rulings were or either of them was wrong, such orders were to be made as the full court might determine.

*B. E. Eames,* (*O. D. Young* with him,) for the petitioners.

*P. Nichols,* for the respondents, was not called upon.

KNOWLTON, C. J. These are two petitions, one for a writ of mandamus and the other for a writ of certiorari, against the assessors of the town of Nahant. The purpose of the petitions is to correct an alleged error of the respondents in assessing personal property to the petitioners as executors of the will of Frederick R. Sears.

The petition for a writ of mandamus is for a process commanding the respondents as assessors to abate the tax. To this a demurrer was filed. The petition shows that the respondents, who are a quasi judicial board, heard the application of the petitioners for an abatement of the tax and denied it. There is no reason to doubt that they decided the questions raised by the application in accordance with their view of the law and facts before them. This court has no right to command them to decide otherwise. *Gibbs* v. *County Commissioners,* 19 Pick. 298. *Chase* v. *Blackstone Canal Co.* 10 Pick. 244. *Morse, petitioner,* 18 Pick. 443. *United States* v. *Lawrence,* 3 Dallas, 42. This is so because it is their right and duty to decide according to their own best judgment.

Besides, the court will not issue a writ of mandamus where there is another remedy provided by statute. *Perry* v. *Hull,* 180 Mass. 547. *Selectmen of Gardner* v. *Templeton Street Railway,* 184 Mass. 294, 297. *Finlay* v. *Boston,* 196 Mass. 267. The demurrer was rightly sustained.

The petition for a writ of certiorari is founded upon the same facts. They are set out in *Sears* v. *Assessors of Nahant,* 205 Mass. 558, as well as in the petition. The petition shows that a petition for an abatement of the tax in question was denied by the assessors, and that then the petitioners filed their appeal to the Superior Court under the R. L. c. 12, § 78, and that that

court dismissed the appeal and reported the case to this court, which ordered a judgment to be entered upon the finding in favor of the respondents.

These petitioners now seek to have this court issue a writ of certiorari to the assessors, for the purpose of revising and correcting alleged errors of law made by them in denying the petition for abatement.

The law applicable to such cases of assessment is very fully stated and considered in the decision last cited. There are statutory provisions covering all that was done. The petitioners undertook to pursue the remedies prescribed by statute. After a decision against them by the assessors, and then a decision against them by the Superior Court, and finally a decision against them in this court, they seek this extraordinary remedy, which has no application to the case. If there were no provision for revising the action of the assessors in dealing with questions of law arising upon the petition addressed to them, this court might review it on certiorari. But there is a provision for an appeal to the county commissioners or to the Superior Court. R. L. c. 12, §§ 77, 78. These petitioners have already had a review of this action of the assessors by proceedings under the statute, and no error was discovered in it. *Sears* v. *Assessors of Nahant, ubi supra.* This is a sufficient reason for denying this petition. *Farmington River Water Power Co.* v. *County Commissioners,* 112 Mass. 206, 212.

It has often been held that the only remedy for an over assessment is to petition for an abatement, and, if necessary, to take an appeal under the statute. *Osborn* v. *Danvers,* 6 Pick. 98. *Boston Water Power Co.* v. *Boston,* 9 Met. 199, 204. *Bates* v. *Boston,* 5 Cush. 93, 97. *Salmond* v. *Hanover,* 13 Allen, 119. *Harrington* v. *Glidden,* 179 Mass. 486. This remedy the petitioners have pursued as far as possible.

The petitioners contend that, under the construction that this court has put upon this statute, it is unconstitutional. It is difficult to see how the question of constitutionality arises upon either of these petitions. But, if it is involved, we think it is practically settled by the decisions. The statute has been before the court a great many times, without, so far as we remember, an expression of doubt in regard to its constitutionality until

the discussion in *Harrington* v. *Glidden, ubi supra*, when the court dismissed the elaborate argument of the defendant on the question in one sentence, (at page 495,) affirming the constitutionality of the law. The case was taken to the Supreme Court of the United States, and the constitutionality of the statute was there again affirmed in *Glidden* v. *Harrington*, 189 U. S. 255. It is said by the petitioners that there has been a revision and re-enactment of our laws on taxation since the decision just cited. But the re-enactment has not materially changed the provisions in question. The decision seems to us to cover the question raised in the present case. See also *Kentucky Railroad Tax Cases*, 115 U. S. 321, 334; *Security Trust & Safety Vault Co.* v. *Lexington*, 203 U. S. 323, 333; *Davidson* v. *New Orleans*, 96 U. S. 97, 104.

The petitioners rely strongly upon the decision in *Central of Georgia Railway* v. *Wright*, 207 U. S. 127, in which it was held that a statute of Georgia was unconstitutional because it gives to a taxpayer no opportunity for a hearing, if, "without fraudulent intent and upon reasonable grounds, [he] withholds property from tax returns with an honest belief that it is not taxable." That statute differs materially from ours, in that our statute gives every taxpayer an opportunity for a hearing, not only through the notice of the proposed assessment and the requirement to bring in a list, but upon his petition for an abatement, when he is permitted to show, if he can, that there was good cause for his delay in bringing in his list. Again, in R. L. c. 12, § 77, he has an opportunity to show, upon his appeal before the county commissioners or in the Superior Court, that "there was good cause for the delay." One who acts "upon reasonable grounds" in delaying to bring in his list, will have a full opportunity to be heard before the assessors or the court, as to the amount for which he should be assessed. In this case both the assessors and the court, upon hearing, failed to find that the petitioners had good cause for their delay. One who fails to comply with this requirement of the statute, without good cause, cannot justly complain if the assessors refuse to abate a tax assessed under the R. L. c. 12, § 47, upon their ascertainment, as nearly as possible, of the particulars of his estate. In each case the entry will be

*Petition dismissed.*