FREDERICK R. SEARS & others, executors, *vs.* INHABITANTS OF NAHANT.

Essex. March 27, 1913. — June 18, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Tax,* Assessment. *Executor and Administrator.*

Where a person who is the executor of a will is also the trustee thereunder, the personal property held by him as executor is to be assessed for taxation to him as executor until under St. 1909, c. 490, Part I, § 23, cl. 7, he has made a distribution to himself as trustee which has been allowed by the Probate Court; and his giving notice to the assessors, in accordance with the requirement of that clause, of a distribution by him as executor does not constitute such a distribution. Following *Welch* v. *Boston,* 211 Mass. 178.

Under the provision of St. 1909, c. 490, Part I, § 43, that where a person bringing in a list of taxable property to the assessors of a town "is absent from the place in which the tax is to be assessed during the whole period when such oath may be made, it may be administered by a notary public," such oath may be made lawfully before a notary public by a person who is not a resident of such town but resides elsewhere in the Commonwealth, although during the period in question he has been "in the town casually."

The provision of St. 1909, c. 490, Part I, § 49, that, "after personal property has been legally assessed in any city or town to an executor, administrator or trustee, an amount not less than that last assessed by the assessors of such city or town in

respect of such property shall be deemed to be the sum assessable, until a true list of such property is brought in to the assessors in accordance with the provisions of section forty-one," is a mandatory requirement, which the assessors must obey absolutely.

Under the provisions of St. 1909, c. 490, Part I, § 85, that, "if the real or personal estate of a person, to an amount not less than one hundred dollars and liable to taxation, has been omitted from the annual assessment of taxes in a city or town, the assessors shall between the fifteenth and twentieth days of December next ensuing assess such person for such estate," the assessors of a town lawfully may make in December such an assessment upon property in regard to which they have at that time no knowledge that they did not have on the first day of April, if the property was omitted by the assessors from assessment at the usual time in good faith through a mistake of law as to their duty.

Failure of the assessors of a town to assess for taxation to an executor on April 1 certain property known to the assessors, which such executor insisted was not taxable to him as executor because, as asserted by him, he had distributed it within the meaning of St. 1909, c. 490, Part I, § 23, cl. 7, in no way estops the assessors from performing their duty by assessing the property to the executor on December 19 under § 85 of the same statute as property that "has been omitted from the annual assessment of taxes."

Under the provision of St. 1909, c. 490, Part I, § 49, that, "after personal property has been legally assessed in any city or town to an executor, administrator or trustee, an amount not less than that last assessed by the assessors of such city or town in respect of such property shall be deemed to be the sum assessable, until a true list of such property is brought in to the assessors in accordance with the provisions of section forty-one," whatever the precise meaning of the term "true list" may be, it is plain that a list filed by an executor, which omits taxable personal property of the value of hundreds of thousands of dollars for which he is liable as executor because no account has been allowed by the Probate Court showing its transfer to the same person as trustee, even though such list was filed under an honest mistake as to the law, is not a true list within the meaning of the statute.

PETITION, under St. 1909, c. 490, Part I, § 77, filed in the Superior Court on June 19, 1911, by the executors of the will of Frederick R. Sears, late of Nahant, who died on June 27, 1907, appealing from a refusal of the assessors of the respondent to abate a tax of $36,000 upon personal property alleged to have been assessed illegally to the petitioners as such executors on December 19, 1910, for the year 1910.

The case was heard by *Bell*, J. The material facts are stated in the opinion. The judge ruled that § 49 of St. 1909, c. 490, Part I is directory and not mandatory, that § 85 applies only to property discovered after the assessment, and that the assessment made on December 19, 1910, was illegal and void. He found and ruled that the petitioners had a good cause for the delay in filing a list for 1910, and ruled that the list filed by the

petitioners was properly sworn to. He found and ruled that the petitioners were entitled to an abatement. The respondent alleged exceptions.

*P. Nichols*, (*S. H. Hudson* with him,) for the respondent.

*B. E. Eames*, (*W. C. Rice* with him,) for the petitioners.

RUGG, C. J. This is a petition for the abatement of the taxes assessed for the year 1910 to the petitioners as executors of the will of Frederick R. Sears, who died domiciled in Nahant in June, 1907. He left personal estate of about $4,200,000, a part of which was given to kindred and a part to the petitioners as trustees to hold upon trusts. The petitioners were duly appointed both executors and trustees under the will. No list was filed with the assessors of Nahant for the year 1908 by the petitioners either as trustees or executors. In July of that year, but as of May first, the assessors assessed to the estate a tax upon personal property valued at about $100,000, and in December, acting under R. L. c. 12, § 85, the assessors made an additional assessment on omitted estate of $4,000,000. In 1909 the petitioners, asserting that they had transferred certain property from themselves as executors to themselves as trustees, in their capacity as trustees filed with the assessors a list of property held by them as trustees, but filed no list of property held by them as executors. They filed a list as trustees in 1910. The executors, however, had made no such transfer of the personal property held by them as executors to themselves as trustees as amounted to a distribution under St. 1909, c. 490, Part I, § 23, cl. 7, so as to render such property no longer taxable to them as executors, because they had filed no account in the Probate Court showing such transfer. *Welch* v. *Boston,* 211 Mass. 178. No such account was filed or allowed until March, 1911. There are no circumstances in the case at bar materially different from those disclosed in *Welch* v. *Boston* and the rule there laid down governs this aspect of the case at bar. The giving of notice of distribution by the executors to the assessors in April, 1909, under § 23, cl. 7 of St. 1909, c. 490, Part I, was of no importance in this connection. It is a requirement in addition to that for a sworn list having a quite different purpose. *Vaughan* v. *Street Commissioners,* 154 Mass. 143, 146. The legality of the assessment of the taxes of 1908 was contested. *Sears* v. *Nahant,* 205 Mass. 558. *Sears* v. *Nahant,* 208 Mass. 208. In 1909 taxes

were assessed to the petitioners as trustees who had filed a list of property subject to taxation in Nahant on the theory that there had been a distribution to themselves as trustees. In December of that year taxes again were assessed upon the petitioners as executors upon $4,000,000 of personal property. This tax was collected under protest and an action (which is still pending) was brought by the petitioners against the town of Nahant to recover it. A like assessment was made again in December, 1910. Within six months after the receipt by the petitioners of their tax bill as executors for the year 1910 they for the first time filed a list as executors, setting out that in that capacity they had no property, and at the same time they filed a petition for the abatement of the assessment, which is the foundation of the present proceeding.

It is urged that the list filed by the executors is unavailing because not properly sworn to. St. 1909, c. 490, Part I, § 43, requires all lists to be under oath and further that "the oath may be administered by any of the assessors or by their secretary or head clerk. If the person . . . bringing such list is absent from the place in which the tax is to be assessed during the whole period when such oath may be made, it may be administered by a notary public, whose jurat shall be duly authenticated by his seal." The facts found by the Superior Court upon this point are that the executors were not residents of Nahant during the period in question, but resided elsewhere within the Commonwealth and "were in the town casually," within the period during which the list should have been filed. Under these circumstances the statute permits the list to be sworn to as this one was before a notary public. A casual presence in the town not shown to have been during business hours or under such circumstances that they might reasonably have sought the assessors does not prevent the petitioners from being "absent" from the town within the meaning of this statute. Apparently there was no refusal to appear before the assessors and answer under oath in accordance with § 46 of the statute. *Cody* v. *Spear*, 214 Mass. 241.

The next question presented is whether the assessment for the year 1910 to the petitioners as executors was a valid assessment. The assessors regularly called for lists as required by law. It is to be observed that the petitioners up to that time had

refused persistently to file any list as executors. No account up to that time had been filed in the Probate Court. The assessors, therefore, had no means of knowledge as to the extent of the estate based upon any statement under oath by the executors. The petitioners appeared before the assessors at a hearing in 1909 and refused under advice of counsel to answer any questions touching the property received and held by them as executors. It has not been and could not be successfully argued that the assessment of the year 1908 was not legal. St. 1909, c. 490, Part I, § 49, provides that "After personal property has been legally assessed in any city or town to an executor, administrator or trustee, an amount not less than that last assessed by the assessors of such city or town in respect of such property shall be deemed to be the sum assessable, until a true list of such property is brought in to the assessors in accordance with the provisions of section forty-one." This language is unequivocal and peremptory to the effect that in making assessments, until a list is filed by the executors, an amount not less than the last assessment "shall be deemed to be the sum assessable." Unless these words are given effect as a binding direction to the assessors, in substance they would have no force at all. The tax law is plain. In the first place by § 41 everybody is required to bring in a list. If no list is furnished, of necessity the assessors are somewhat in the dark as to the property subject to taxation. When the estate of a deceased person is in process of settlement, the list is not only required but the assessors are forbidden to diminish the first assessment made upon the estate until a list is filed. It well might be that the entire amount of personal property assessed the first year should be paid out in debts or distributed in fact and yet there might remain a large amount of taxable property undisclosed in the hands of the executors. The peremptory terms of § 49 guard the assessors from being misled by representations of this kind without a full disclosure of the entire estate subject to taxation.

It therefore is the duty of assessors not to diminish the amount for which executors are taxed after a legal assessment to them once has been made until a list has been brought in. The first valid assessment against executors determines the basis of succeeding assessments until a list is brought in or a distribution made. In

*Blackie* v. *Boston*, 208 Mass. 188, it was held that this statute did not prevent an increase of an assessment upon executors over that of the preceding year in the absence of a list, provided the previous assessment was found to be too small, but it was said that this section "is given full effect by treating it only as a limitation, preventing a taxation for a less amount until a true list is brought in as required by law." The implication of this language plainly is in accordance with the conclusion now reached. Intimations to the same effect are found in *Vaughan* v. *Street Commissioners*, 154 Mass. 143, and in *Batchelder* v. *Cambridge*, 176 Mass. 384.

It is argued earnestly, however, that the assessors did not follow the course required by the statute for the reason that the assessment of 1910 was not laid until December, and that as matter of law the assessors at that time, having failed to assess the property at the usual time, had no authority to assess it under St. 1909, c. 490, Part I, § 85,* as an omitted assessment. It was found by the Superior Court that the assessors had no new knowledge respecting this property in December, 1910, in addition to that which they had in April. Therefore it is urged that it was not newly discovered property and hence could not lawfully be assessed. But we are of the opinion that § 85 as to omitted assessments does not require that the property be newly discovered in the sense of coming for the first time to the knowledge of the assessors, in order that it may be legally assessed. If the assessors, through want of knowledge of facts or ignorance of the law as to their duty, or for any other honest reason have failed to include property in the annual assessment, it is omitted property within the meaning of that section, and in the exercise of good faith, they may include it in a supplemental assessment. In the case at bar there is no finding of bad faith on the part of the assessors, so it is not necessary to determine what its effect might be. The circumstances disclosed were such as well might have left the assessors in doubt as to the course they ought to pursue. The petitioners were refusing to comply with the requirement by the statute that they

---

\* That section contains the following provision: " If the real or personal estate of a person, to an amount not less than one hundred dollars and liable to taxation, has been omitted from the annual assessment of taxes in a city or town, the assessors shall between the fifteenth and twentieth days of December next ensuing assess such person for such estate."

bring in a true list as executors and were conducting three different forms of action against the assessors and the town for the purpose of contesting the validity of earlier assessments. Under these circumstances hesitation in acting does not render illegal their conduct in finally following the plain language of the statute requiring the continuance of the assessment of the year before.

The failure to assess until December created no estoppel in favor of the petitioners. The parties were not on an equal footing. The petitioners were trying to settle the estate without filing any list with the assessors as required by law. They knew and the assessors did not know the character and items of personal· property which came to their hands as executors. Failure on the part of public officers at the earliest moment available to them to perform their statutory obligation does not work an estoppel against such performance at a later time but within that permitted by law. No true list has ever been filed by the executors so far as disclosed on this record. It is plain that the list filed by the petitioners for the year 1910 was not a true list. Under the decision of *Welch* v. *Boston,* 211 Mass. 178, which simply affirmed the earlier case of *Hardy* v. *Yarmouth,* 6 Allen, 277, the petitioners were liable to taxation as executors for the amounts given them as trustees until their account as executors showing a distribution to themselves as trustees had been allowed in the Probate Court. It is therefore immaterial that the Superior Court has found that there was a reasonable excuse in 1910 for the petitioners not to bring in a list within the time limited by § 41. The power to grant an abatement under §§ 72 to 83, both inclusive, of the tax law, is subject to the imperative provision of § 49 to the effect that the assessment of personal property in the hands of executors shall not be diminished until a true list has been filed.

It is not necessary to determine the precise meaning of "true list" for it is plain that a list which omitted hundreds of thousands of dollars of the taxable property for which the executors still were liable because no account had been allowed by the Probate Court showing its transfer to them as trustees, even though filed under an honest mistake as to the law is not a "true list." It follows that the assessment for 1910 was valid and that the petitioners having failed to file a true list are not entitled to an abatement.

Although we have nothing to do in this proceeding with the

taxes assessed to the petitioners as trustees for 1910, it is urged that this is a harsh result and this view seems to have appealed to the Superior Court. But the direct and immediate cause of this result is the initial refusal of the petitioners, persisted in during more than three years, to follow the plain and explicit requirement of the statute seasonably to file a list of the property which came to their hands as executors. A primary compliance with this law would have afforded full protection for their rights. The consequences of this failure, also plainly set forth in the tax law, offers no just ground for complaint. It falls far short of invading any constitutional right of the petitioners as executors.

*Exceptions sustained.*