CHARLES J. WILLIAMS, administrator, *vs.* INHABITANTS OF ACTON.

Middlesex.    November 30, 1914. — December 30, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Tax.   Executor and Administrator.*

Under St. 1909, c. 490, Part I, § 23, cl. 7, which provides that the personal property of a deceased person shall be assessed for taxation to the executor of his will or the administrator of his estate "for three years or until it has been distributed and notice of such distribution has been given to the assessors," an administrator who has paid all debts, charges, expenses and taxes due from the estate of his intestate and has paid over and transferred to himself as the sole heir at law and next of kin of the intestate all the remaining assets of the estate, he being a resident of another State so that there is no person interested in the estate who is an inhabitant of the Commonwealth, and who has given notice of such distribution to the assessors of a town in this Commonwealth where in the two previous years taxes upon the personal property of the estate of his intestate have been assessed to and paid by him as administrator, is no longer subject to taxation as administrator, although he has filed no account as administrator in the Probate Court.

An action of contract is the proper remedy to recover from a town the amount of a tax paid to it under protest, where the attempted assessment of the tax was void.   Whether in such a case there is a concurrent remedy by a petition for the abatement of the whole tax, it here was not necessary to determine.

CONTRACT for $325.70 paid under protest to the collector of taxes of the defendant on January 23, 1913, as a tax alleged to have been assessed wrongfully to the plaintiff as administrator of the estate of his mother Margaret E. A. Williams, and interest and costs thereon.   Writ dated March 6, 1913.

In the Superior Court the case was tried before *Hall*, J., without a jury.   The judge made a memorandum of the following facts found by him:

Margaret E. A. Williams, a widow, and for many years a resident of the defendant, died there on September 30, 1908, leaving the plaintiff, a son, as her only heir at law and next of kin.   The plaintiff was appointed administrator of his mother's estate on November 20, 1908, and qualified as such administrator by filing a bond which was approved by the Probate Court for the County of Middlesex on the same day.

The estate consisted of both real and personal property and in the years 1909 and 1910 the assessors of the defendant assessed a tax to the administrator based upon the amount of personal estate subject to taxation as shown by the administrator's inventory. The taxes for these two years were paid by the plaintiff as administrator. Before the first day of April, 1910, the plaintiff removed his legal residence from this Commonwealth to the city of Augusta in the State of Maine, where he has lived ever since.

On March 13, 1911, the plaintiff sent to the chairman of the board of assessors of the defendant a letter which was duly received reading as follows:

"Augusta, March 13, 1911. Mr. William F. Stevens, Chairman Board of Assessors, Acton, Mass. Dear Sir: I beg to notify you that all of the personal property belonging to the estate of Margaret E. A. Williams has been distributed, none of it to an inhabitant of Massachusetts. Yours truly, Charles J. Williams, Administrator."

Before March 31, 1911, the plaintiff as administrator had paid all debts, expenses and charges of administration and inheritance taxes due the Commonwealth of Massachusetts and had transferred all the remaining stocks and other assets of the estate of his mother to himself as sole heir at law and next of kin, but had not filed any account in the Probate Court up to the date of the writ in this action. On or about April 10, 1911, the assessors gave notice to all citizens to bring in lists as required by St. 1909, c. 490, Part I, §§ 41, 42, 43. No list was brought in by the plaintiff. The assessors of the defendant assessed to the plaintiff as administrator of said estate as of April 1, 1911, a tax on personal property only, amounting to $304.95. A bill for the tax was sent in due course to the plaintiff by the collector of taxes of the defendant, demanding payment. Payment was refused by the plaintiff. The collector of taxes for the defendant on July 26, 1912, placed in the hands of a deputy sheriff a tax warrant in proper form directing the officer to collect the tax or to take the body of the plaintiff. Notice of this fact was given by the deputy sheriff to the plaintiff. The plaintiff paid to the collector of taxes on January 23, 1913, the amount of the said tax, $304.95, together with interest, $17.25, and costs upon the

tax warrant amounting to $3.50; in all the sum of $325.70, and at the same time delivered to the collector of taxes a protest in writing reading as follows:

"January 23, 1913. William F. Stevens, Esq., Collector of Taxes, Town of Acton, Mass. Dear Sir: I enclose check in payment of bill for taxes rendered to me as administrator of the estate of M. E. A. Williams for three hundred twenty-five and 70/100 ($325.70) dollars, including therein interest and costs as set forth in said bill. I make this payment under protest in accordance with the provisions of Acts of 1909, chapter 490, Part II, section 88, claiming that said tax has been illegally assessed. I also notify you and through you said town of Acton that I shall institute an action against the town to recover this payment. Return to me the receipted bill for which I enclose a stamped and addressed envelope. Yours very truly, Charles J. Williams."

The judge found for the defendant; and by the agreement and at the request of the parties reported the case for determination by this court. If upon the facts and the law the finding was right, judgment was to be entered for the defendant; otherwise, judgment was to be entered for the plaintiff in the sum of $325.70 with interest from January 23, 1913.

St. 1909, c. 490, Part I, § 23, cl. 7, is as follows:

"Personal property of deceased persons shall be assessed in the city or town in which the deceased last dwelt. Before the appointment of an executor or administrator it shall be assessed in general terms to the estate of the deceased, and the executor or administrator subsequently appointed shall be liable for the tax so assessed as though assessed to him. After such appointment it shall be assessed to such executor or administrator for three years or until it has been distributed and notice of such distribution has been given to the assessors stating the name and residence of the several parties interested in the estate who are inhabitants of the Commonwealth and the amount paid to each. After three years from the date of such appointment it shall be assessed according to the provisions of clause Fifth of this section."

The case was submitted on briefs.

*R. E. Joslin,* for the plaintiff.

*H. A. Wilson, F. Juggins & T. F. Murphy,* for the defendant.

SHELDON, J. This case is governed by *Carleton* v. *Ashburnham,* 102 Mass. 348. In that case the plaintiff sued to recover the amount of a tax assessed to her as the administratrix of the estate of her deceased husband. Before the making of the assessment there had been an informal settlement and distribution of the estate, by an amicable arrangement of all the parties interested therein, of which the assessors had had notice. The statute then in force (Gen. Sts. c. 11, § 12, cl. 7) provided that after the appointment of an executor or administrator the personal estate of a deceased person should be assessed to such executor or administrator until he should give notice to the assessors that the estate had been distributed and paid over to the parties interested therein. It was held that there need not be a formal settlement and decree in the Probate Court, and that the property could not be assessed to the plaintiff after she in fact had properly distributed and paid it over, and had given notice thereof to the assessors, although no accounting had been made and no decree had been entered in the Probate Court. This construction of the statute was in accordance with the statement of its object and reasons made by the court in *Hardy* v. *Yarmouth,* 6 Allen, 277, 281.

The statute afterwards was amended (St. 1878, c. 189, § 2; Pub. Sts. c. 11, § 20, cl. 7; R. L. c. 12, § 23, cl. 7; St. 1909, c. 490, Part I, § 23, cl. 7) by adding the requirement that the notice to the assessors should state the name, residence, and the amount paid to the several parties interested in the estate who are inhabitants of the Commonwealth. See *White* v. *Mott,* 182 Mass. 195. The subsequent re-enactment of the statute as thus amended in three successive codifications of our tax laws, after the decision in *Carleton* v. *Ashburnham, ubi supra,* goes far to show a legislative adoption of the rule there laid down, as was pointed out in *White* v. *Mott, ubi supra.* The same doctrine has been stated again in our decisions. In *Blackie* v. *Boston,* 208 Mass. 188, 189, it was said that if executors have distributed the property or any part of it, "they can protect themselves and the estate by bringing in a list as required by the R. L. c. 12, § 41, or by showing a distribution under the R. L. c. 12, § 23, cl. 7, which sections with slight changes are re-enacted in St. 1909, c. 490, Part I, §§ 41,

23, cl. 7." See also *Batchelder* v. *Cambridge*, 176 Mass. 384, 386, and *Welch* v. *Boston*, 211 Mass. 178, 183, in which the authority of *Carleton* v. *Ashburnham* is recognized.

In the cases chiefly relied on by the defendant, the transfers had been made by executors to themselves acting in another fiduciary capacity. In such cases a decree of the Probate Court is required to complete the transfer. *Hall* v. *Cushing*, 9 Pick. 395, 409. *Newcomb* v. *Williams*, 9 Met. 525, 534. *Conkey* v. *Dickinson*, 13 Met. 51. *Hardy* v. *Yarmouth*, 6 Allen, 277. *Sears* v. *Nahant*, 215 Mass. 329. The distinction between the two classes of cases is pointed out in *Welch* v. *Boston*, 211 Mass. 178, 183.

The notice given by the plaintiff to the assessors contained all the information required by St. 1909, c. 490, Part I, § 23, cl. 7. Its statements of fact were correct. It follows from the decisions already referred to that the assessors, after they had received this notice, had no jurisdiction to make the assessment in question upon the plaintiff. There is nothing inconsistent with this conclusion in *Vaughan* v. *Street Commissioners*, 154 Mass. 143; *Batchelder* v. *Cambridge*, 176 Mass. 384; or *Sears* v. *Nahant*, 215 Mass. 329.

This is not a case where the plaintiff's only remedy is by asking for an abatement, for the assessment was void. Whether he might have maintained also a petition for the abatement of the whole tax (*Milford Water Co.* v. *Hopkinton*, 192 Mass. 491, 498; *Milford* v. *County Commissioners*, 213 Mass. 162) need not be determined. He was personally liable for the tax; *Dallinger* v. *Davis*, 149 Mass. 62; St. 1909, c. 490, Part II, § 34; and he paid it under protest to avoid an arrest of his body. He can maintain an action for its recovery. *Boston & Sandwich Glass Co.* v. *Boston*, 4 Met. 181. *Loud* v. *Charlestown*, 99 Mass. 208. *Wheatland* v. *Boston*, 202 Mass. 258, 260.

In accordance with the terms of the report, judgment must be entered for the plaintiff in the sum of $325.70 with interest from January 23, 1913.

*So ordered.*