HERBERT M. SEARS *vs.* INHABITANTS OF NAHANT.

Essex.   March 25, 1915. — June 21, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Tax,* Remedy for over-assessment.

An action at law cannot be maintained against a town or city to recover back a part of a tax on the ground of over-assessment, whether the excess in the assessment arose from over-valuation or from the improper inclusion of property not owned by the person to whom the tax was assessed, the exclusive remedy in such a case being a petition for an abatement under R. L. c. 12, §§ 77, 78, now St. 1909, c. 490, Part I, §§ 76, 77.

CONTRACT by one of the four executors of the will of Frederick R. Sears, late of Nahant, to recover the amount of a tax assessed for the year 1909 to such executors and collected by distress upon the property of the plaintiff.   Writ dated April 15, 1911.

The case was heard by *Hamilton,* J., upon the pleadings and an agreed statement of facts.   The judge ruled that the plaintiff was not entitled to recover, and reported the case for determination by this court.   If upon this record the plaintiff was not entitled to recover, judgment was to be entered for the defendant; otherwise, such judgment was to be entered as to this court should seem proper.

*B. E. Eames, (W. C. Rice* with him,) for the plaintiff.

*P. Nichols, (S. H. Hudson* with him,) for the defendant.

RUGG, C. J.   This is an action of contract whereby one of the executors of the will of the late Frederick R. Sears seeks to recover from the town of Nahant the tax, or excess above what he contends that the tax ought to have been, levied on the estate for the year 1909, and collected of him as one of four executors. No list of property was filed for that year by the executors at any time.   No petition for the abatement of the taxes for that year ever has been filed.   It is manifest from the agreed facts that the executors were liable that year to be assessed at least for the property originally held by them as executors, which they had attempted to distribute to themselves as trustees under the will before their accounts as executors had been duly filed, allowed and

proved in the Probate Court. It has been the law of this Commonwealth for many years that such attempted transfer was ineffectual so far as concerns taxation. *Hardy* v. *Yarmouth,* 6 Allen, 277. See *Welch* v. *Boston,* 211 Mass. 178, where all the earlier cases are reviewed.

The executors in 1909 were taxable under the law in Nahant at the least for the portion of the estate devised to them as trustees. In any event, a part of the tax was legal. *Sears* v. *Nahant,* 215 Mass. 329. Hence on the aspect of the case most favorable to the plaintiff on his own contention, the tax was not wholly illegal but only excessive in amount.

Scarcely any proposition in the law of taxation is more firmly settled than that an action of contract does not lie to recover back any part of a tax too heavy by reason of a simple over-assessment. It is immaterial whether the over-assessment arises either from too high valuation of property actually owned, or by the inclusion of other property not owned for which no tax ought to be levied. The sole remedy in such case is that provided by the statute by way of abatement. That remedy is adequate, plain, complete, and expeditious. It is direct and simple. It affords ample opportunity for hearings before competent and impartial tribunals. It is exclusive. The decisions to this point are so numerous that only a few need be cited. *Howe* v. *Boston,* 7 Cush. 273. *Harrington* v. *Glidden,* 179 Mass. 486. *Glidden* v. *Harrington,* 189 U. S. 255. *Kelley* v. *Barton,* 174 Mass. 396. *All Saints Parish* v. *Brookline,* 178 Mass. 404, 410. *Sears* v. *Nahant,* 208 Mass. 208, 210. It follows that the defendant must prevail.

The other points discussed by the plaintiff are quite irrelevant in view of this decisive barrier which lies across his path.

In accordance with the terms of the report, let the entry be

*Judgment for the defendant.*