ATLANTIC MARITIME COMPANY *vs.* CITY OF GLOUCESTER.

Essex.    March 17, 1913. — May 19, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Tax,* Abatement, Good cause for delay in filing list of property. *Practice, Civil,* Findings of commissioner under R. L. c. 12, § 80.

Where, on a petition to the Superior Court for the abatement of a tax, a commissioner appointed under R. L. c. 12, § 80, makes, upon findings of fact reported by him "and upon no others," a finding that the petitioner had "a reasonable excuse and good cause" for his delay in returning a true list of his taxable personal property as required by law, and this finding is confirmed by a judgment of the Superior Court for the petitioner, upon an appeal to this court, the question, whether upon the basic facts found by the commissioner his finding of good cause for the delay was warranted, is a question of law to be passed upon by this court.

A foreign business corporation, having a place of business in Gloucester and owning personal property there, brought a petition under R. L. c. 12, § 78, for the abatement of the tax assessed upon its property in the city of Gloucester, including therein its shares in certain vessels, to which the city of Gloucester set up the defense that the petitioner under R. L. c. 12, § 77, St. 1903, c. 157, was not entitled to an abatement because it had not returned a true list of its personal property taxable in Gloucester within the time required by the assessors and did not show a good cause for the delay. By the report of a commissioner appointed under R. L. c. 12, § 80, it appeared that, after the assessors had given notice of the time within which the lists must be filed, they had an interview with the president and the treasurer of the petitioner, who had charge of matters relating to the taxation of its property, in which all the property of the petitioner was discussed freely and the petitioner's officers asserted that its shares in vessels were exempt from taxation by the respondent, this being denied by the assessors, that thereupon the assessors went away, expressing their intention to look over the list of vessels at the custom house and the petitioner's other property in Gloucester and to render a tax bill based on what they should conclude to be the legal status of all the property. There was no further communication between the petitioner and the assessors until the tax bill was delivered. On these facts the commissioner found that the petitioner had "a reasonable excuse and good cause" for its delay in filing the list. This finding was confirmed by the Superior Court, which gave judgment for the petitioner. On appeal by the

respondent, it was *held*, that the finding of good cause for delay was not warranted by the facts reported and that the judgment must be reversed.

On a petition to the Superior Court under R. L. c. 12, § 78, for the abatement of a tax, where the respondent relies on the defense that the petitioner did not file a true list of his personal property taxable by the respondent within the time required by the assessors and did not show a good cause for the delay, if it appears that six months after the expiration of the time within which the list was required to be filed the assessors of the respondent refused the petitioner's application for an abatement upon another ground, this is immaterial and can constitute no good cause or excuse for the petitioner's failure to bring in a list six months before such refusal.

PETITION, filed in the Superior Court on February 1, 1909, under R. L. c. 12, § 78, by a corporation organized under the laws of the State of Maine and having a place of business in Gloucester, for an abatement of a tax assessed to it on May 1, 1908, complaining that the assessment included the interests of the petitioner in certain vessels engaged in the coastwise trade and in fisheries which were not taxable in the city of Gloucester, and appealing from a refusal of the assessors of Gloucester to abate such tax.

The answer of the respondent alleged, among other things, that the petitioner did not file as required by law a true list of its personal property taxable in Gloucester within the time required by the assessors and did not show a good cause for the delay.

In the Superior Court the case was referred to John Duff, Esquire, as commissioner under R. L. c. 12, § 80, "to hear the parties and their evidence, and to make report thereof to the court." The finding of the commissioner that the petitioner had "a reasonable excuse and good cause" for its delay in filing the list and the facts on which this finding was made are stated in the opinion.

The case was heard upon the commissioner's report by *Schofield*, J. He made the following findings and rulings:

"The report of the commissioner and his findings of fact are adopted by the court, and confirmed.

"The petitioner is granted an abatement of taxes assessed upon its interest in the vessels described in the petition and in the commissioner's report.

"Judgment is ordered to be entered for the petitioner against the respondent in the sum of $900.71.

"The above sum represents the tax paid by the petitioner upon said vessels, interest thereon from the date of payment and charges. No costs are allowed.

"The respondent's requests for rulings filed herewith are disposed of as noted upon the margin of said requests."

The respondent's requests for rulings are immaterial for the reason stated in the opinion.

Judgment was entered for the petitioner in accordance with the foregoing order; and the respondent appealed.

The case was submitted on briefs.

*J. J. Cunningham,* for the respondent.

*T. M. Vinson & C. D. Lanning,* for the petitioner.

SHELDON, J. The petitioner did not within the time specified in the notice given by the assessors of the respondent bring in a list of its personal property in Gloucester not exempt from taxation. Unless there was good cause for that delay, it cannot now claim an abatement. St. 1903, c. 157. R. L. c. 12, § 77. *Sears* v. *Nahant,* 205 Mass. 558.

But the commissioner to whom the case was referred by the Superior Court found, so far as it was a question of fact, that the petitioner had "a reasonable excuse and good cause" for its delay, and the Superior Court adopted and confirmed his report and findings. The petitioner contends that this was merely a question of fact, and that the finding made is conclusive and cannot be revised by this court. Holmes, J., in *Hopkins* v. *Reading,* 170 Mass. 568. Bigelow, C. J., in *Lowell* v. *County Commissioners,* 3 Allen, 546, 548. Wells, J., in *Charlestown* v. *County Commissioners,* 101 Mass. 87, 89. *Milford* v. *County Commissioners,* 213 Mass. 162, 163.

If we had here only a bare finding of fact, the contention of the petitioner could not be disputed. But this is not the case. The commissioner's finding was made upon the previous findings of fact, "and upon no others." It becomes a question whether upon these findings alone the finding of good cause was warranted. *Page* v. *Melrose,* 186 Mass. 361, 363. It has been said by this court that in a case like this the question of good cause is a question of law when the facts are proved or agreed. *Winnisimmet Co.* v. *Chelsea,* 6 Cush. 477, 481. And the confirmation of the finding by the Superior Court goes no further than the finding made by the commissioner.

The finding was made upon the following facts: After the assessors had given notice according to law, specifying the time within

which lists must be filed, they had an interview with the president and the vice-president and treasurer of the petitioner, in which all the property of the petitioner was freely disclosed. These officers of the petitioner were the ones who had to do with matters relating to the taxation of the company. They then asserted that the petitioner's vessel property was exempt, which the assessors denied. The assessors then went away, expressing their intention to look over the list of vessels at the custom house, and the petitioner's other property in Gloucester, and to render a tax bill based on what they should conclude to be the legal status of all the property. This was all that took place until the delivery of the tax bill.

There was nothing in this to lead the petitioner's officers to believe that the assessors did not require and expect a list to be filed. It is found that all the property of the petitioner was disclosed; but it is not found that the assessors were satisfied of this fact, or that they accepted the disclosure as sufficient. On the contrary, they expressed the intention of making further search. They gave no intimation that the petitioner need not file its list. If, in view of the dispute that seemed likely to arise as to whether the petitioner's vessels were taxable in Gloucester, the petitioner desired to be able to appeal from any action that the assessors might take, it must be presumed to have known that it was bound to bring in its list before the vessels were assessed. *Porter* v. *County Commissioners*, 5 Gray, 365, 368. This presumption is strengthened by the fact that its vice-president and treasurer was an attorney at law, and apparently had investigated the subject. But the decisive fact is that nothing was said or done to lead the petitioner's officers to suppose that they were relieved from the duty of bringing in a list of its property. The finding of good cause was not warranted.

The fact that the assessors in December refused the petitioner's application for an abatement upon another ground than this default of the petitioner is not material. Nothing done in December could constitute good cause for the petitioner's failure to bring in a list on the previous June.

St. 1903, c. 157, already referred to, applied as well to foreign corporations as to resident taxpayers; and the decision in *Hopkins* v. *Reading*, 170 Mass. 568, is not applicable to this case.

We have not considered the respondent's requests for rulings, as they are not a part of the record and do not come before us upon an appeal.

It is not necessary to decide whether the petitioner's vessels are taxable in Gloucester. There is no dispute that the petitioner was taxable there upon some personal property. This proceeding was not brought in consequence of a notice from the tax commissioner of the Commonwealth, and the reasoning of the court in *Essex Co.* v. *Lawrence, ante* 79, has no bearing here. Because it did not have good cause for the delay in bringing in its list, the judgment in its favor must be reversed.

*So ordered.*