FREDERICK R. SEARS & others, executors, *vs.* INHABITANTS
OF NAHANT.

Essex.    March 25, 1915. — June 21, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Tax,* Assessment.    *Executor and Administrator.*

A previous decision of this court in the present case, reported in 215 Mass. 329,
here was affirmed.

The advice of counsel to an executor that he is not required to bring in to the
assessors of a town a list of taxable property of the estate of his testator under
the provisions of St. 1909, c. 490, Part I, §§ 41, 49, is not as matter of law good
cause for a failure of the executor to bring in such a list.

Where the executors of a will also were the trustees thereunder and made a return
to the assessors that they had delivered to themselves as trustees a certain
amount of personal property, but they had made no distribution to themselves
as trustees which had been allowed by the Probate Court, a failure of the as-
sessors of a town to deduct from the tax assessed to such executors the amount
assessed to them as trustees on their return to the assessors is not good cause
for a failure of the executors to bring in a list of property in accordance with
the provisions of the statutes named above, especially where no inventory or
account had been filed in the Probate Court by the executors and they per-
sistently had refused to bring in a list of property to the assessors or to give
any information as to the total amount of the taxable property received by
them as executors and had declined to answer any questions as executors, and
where their conduct was calculated deliberately to screen from the observa-
tion of the assessors material facts in regard to the property that had come to
their hands.

On such facts it was *held,* that a judge of the Superior Court was not required
as matter of law to find that the executors had good cause for not bringing in
a list of the taxable property in their hands; and that indeed such a finding
would not have been warranted, because as matter of law no adequate excuse
was shown.

PETITION by the executors of the will of Frederick R. Sears,
late of Nahant, under St. 1909, c. 490, Part I, § 77, appealing
from the refusal of the assessors of that town to abate a tax as-
sessed to the petitioners on December 19, 1910, under St. 1909,
c. 490, Part I, § 85, on property omitted from the annual assess-
ment for 1910.

The case was heard by *White,* J., upon an agreed statement of
facts and evidence introduced before him showing the facts that

are stated in the opinion. He found and ruled that the petitioners were not entitled to the abatement sought, and reported for determination by this court the case and all questions of law arising thereon, including the question whether the petitioners had reasonable excuse for their failure to file as executors a list of taxable property for 1910 before June 19, 1911, and for their filing of the list then filed in the form in which it was filed. If the finding and ruling of the judge were correct, the petition was to be dismissed; if they were wrong, such order was to be entered as law and justice might require.

*B. E. Eames,* for the petitioners.

*P. Nichols,* (*S. H. Hudson* with him,) for the respondent.

RUGG, C. J. This is a petition for the abatement of taxes assessed for the year 1910 against the executors of the will of Frederick R. Sears. The testator died in June, 1907, having last been a resident of Nahant. The petitioners were appointed executors of his will in July, 1907. Under ordinary circumstances, unless his estate were settled and distributed in accordance with the statutes and due notice given to the assessors of Nahant, it would continue liable to taxation in Nahant for three years, which included the year 1910. St. 1909, c. 490, Part I, § 23, cl. 7.

The assessors of Nahant in accordance with law, St. 1903, c. 157; St. 1909, c. 490, Part I, § 41, gave seasonable notice to all persons to bring in true lists of all their personal estate not exempt from taxation. The petitioners filed no list as executors. They did not comply with the notice. The assessors did not assess any tax against the executors at the time of the regular assessment in 1910, but in December, 1910, acting under St. 1909, c. 490, Part I, § 85, a tax was assessed upon the same valuation of the estate as that made in 1909. The petitioners thereafter in June, 1911, seasonably filed a petition for the abatement of this tax and filed also what purported to be a list of their property subject to taxation, which was in substance a simple statement that they had no such property. This was the first list ever filed by them as executors of the will of Frederick R. Sears, although appointed in the summer of 1907 and having been liable as such executors for a tax on some personal property each succeeding year. They had filed no inventory or account in the Probate Court until March 20, 1911.

This case was before us in 215 Mass. 329.  It there was decided (1) that the tax for 1910 rightly was assessed in December; (2) that since beyond question the tax assessed against the executors for 1908 was a legal tax, and substantially the same tax was assessed in 1909, the assessors were required by the provisions of St. 1909, c. 490, Part I, § 49, to assess against the executors "an amount not less than that last assessed . . . until a true list of" the property subject to taxation "is brought in to the assessors in accordance with the provisions of section forty-one;" (3) that the tax for 1910 was lawful as to its amount.

It is not necessary to review the grounds of that decision upon these points.  It expressed the deliberate judgment of the court and is affirmed.

Taking all the facts now disclosed on this record, it is plain that the executors lawfully were taxable in Nahant in 1910, at least for the amount devised to them as trustees.  They had not then transmuted this property held by them as executors into property held by them as trustees.  *Hall* v. *Cushing,* 9 Pick. 395, 404. It was subject to taxation in their hands as executors, and it would have been the duty of the assessors even if they had known in 1910 all the facts now known, and proper lists had been filed, to have assessed at least that much property to the executors. *Hardy* v. *Yarmouth,* 6 Allen, 277.   *Welch* v. *Boston,* 211 Mass. 178.

It was decided in *Sears* v. *Nahant,* 205 Mass. 558, in an opinion written by Mr. Justice Hammond, after an exhaustive review of the colonial, provincial and State statutes and an interpretation of the present law in their light, that the court has no authority to abate a tax where the required list of taxable property was not brought to the assessors within the time specified in their notice, unless the assessors have found or unless the Superior Court has found that there was good cause for the delay, St. 1909, c. 490, Part I, § 76, and that the power of the court on appeal from a decision by the assessors is narrower than that of the assessors themselves. In the case at bar there is no finding by the assessors that there was "reasonable excuse," § 73, or by the Superior Court that there was "good cause," § 76, for the delay by the petitioners in filing the list.  The general finding of the Superior Court was that the petitioners were not entitled to an abatement.  Although there was no detailed statement of specific findings, the single general

one involved a finding of all essential subsidiary matters. The failure to make the definite finding of good cause for delay in filing the list, held in *Sears* v. *Nahant*, 205 Mass. 558, to be prerequisite to jurisdiction of the Superior Court to grant an abatement, is equivalent to a finding that there was no good cause or reasonable excuse. Whether or not there is good cause or reasonable excuse is a question of fact dependent upon the specific facts found and the rational inferences to be drawn therefrom. In a proceeding like the present, this court cannot find the facts. It passes only upon questions of law. The case is reported "with all questions of law arising thereon — including the question whether the petitioners had reasonable excuse for their failure to file a list as executors for 1910 prior to June 19, 1911, and for their filing of the list then filed in the form in which it was filed — for the consideration and determination of the full court." This form of report means, when taken in connection with the general finding for the defendant, that the point reported is whether, as matter of law, the finding was wrong.

We are of opinion that such finding was warranted. A brief narration of the salient facts will make this clear. The testator died in June, 1907. The petitioners were appointed executors in the following July. Although it now is agreed that a true inventory was made and sworn to by one of the executors in August, 1907, showing a total value of about $4,200,000, of which about $2,900,000 was taxable property, this was never disclosed to the assessors until it was filed in the Probate Court in March, 1911. Moreover, the assessors in September, 1909, petitioned the Probate Court that the executors be compelled to file an inventory. This petition was opposed by the executors and was dismissed. In May, 1908, a tax on a valuation of $101,500 of personal property was levied against the executors, and the tax on this valuation, amounting to $1,116.50, was paid without protest in August.

In October, 1908, a courteous letter was sent by the assessors to two of the executors, stating that by direction of the tax commissioner of the Commonwealth a tax on $4,000,000 must be assessed, unless a sworn return showing the amount in truth subject to taxation was made. This letter was ignored and no reply was sent. In December, 1908, an additional assessment was made

in accordance with the statute as to omitted assessments on $4,000,000 of personal estate. A petition for the abatement of this tax was filed on the ground that complete distribution of the estate had been made before May 1, 1908, but no list was presented. This was decided adversely to the executors, 205 Mass. 558. Subsequently, proceedings by mandamus and certiorari to abate this tax were dismissed. *Sears* v. *Nahant,* 208 Mass. 208. In 1909 the executors filed a statement purporting to show a distribution of about $4,100,000 among the legatees under the will, but they declined to file any list as executors and refused to answer any questions touching the property which came to them as executors. The assessors, as they were bound to do under the law, assessed the executors on substantially the same amount in 1909 as they had in 1908. No proceedings for abatement of the 1909 tax were brought, and it was paid under protest. An action at law to recover it back is disposed of in the case just decided, *ante,* 435.

In 1910 again no list was filed by the executors, and substantially the same assessment was made as the year before. That is the assessment now before us. As appears by the facts now in evidence, the executors had in fact distributed in 1908 four sevenths of the estate to legatees as absolute owners, *Carleton* v. *Ashburnham,* 102 Mass. 348, and had attempted to distribute three sevenths to themselves as trustees, without a probate accounting, a thing which they could not do, so as to relieve themselves from taxation. *Hardy* v. *Yarmouth,* 6 Allen, 277. It was well understood by the petitioners and their counsel that it was the contention of the assessors and the tax commissioner of the Commonwealth that there could be no distribution of the estate without an accounting in the Probate Court, and that this contention was based on the express decision to that point in *Hardy* v. *Yarmouth,* 6 Allen, 277. At no time did the assessors do or say anything to mislead the petitioners as to their position and contentions. It would have been perfectly simple for the executors to put the burden of a correct decision of the whole matter upon the assessors by setting forth all the facts in a list or lists true in all their details. Perhaps one as executors would have sufficed. Certainly two, one as executors and one as trustees, would have put the executors in an impregnable position. There

would have been no stultification in such course (as now is argued), for it has been settled law for almost sixty years that the inclusion of property in a list does not prevent an abatement. *Dunnell Manuf. Co.* v. *Pawtucket,* 7 Gray, 277. *Milford Water Co.* v. *Hopkinton,* 192 Mass. 491, 498.

On the contrary, the petitioners, instead of pursuing these plain provisions of the statutes which would have afforded ample protection against over-taxation, persisted in staking their whole case upon their own view of what ought to be taxed and what the procedure ought to be. That they acted under the advice of counsel does not as matter of law show that they had good cause for refusing to file a list. The statutes were plain. The early decision of the court was plain. The contention of the public officers was clearly explained to the petitioners and was in accordance with the law.

The petitioners argue that there was misconduct on the part of the assessors in failing to deduct from the tax assessed to them as executors the amount assessed to them as trustees on their return. This hardly seems to be warranted. But it quite fails in affording a good cause to the petitioners for not filing a list. In 1910, when the assessors were required to act on the tax now before us, there was nothing to indicate the facts to them with any assurance of certainty. No inventory or account had been filed in the Probate Court by the executors. No list had been filed with them by the executors. There had been the most persistent refusal by the executors as such to file any list or to give any information as to the total amount of taxable property received by them as executors. They had declined to answer any questions as executors. The assessors had no means of knowing that the amount for which the executors were assessed was not less than that which came to the hands of the executors, or that the assessment levied against the executors still was not less than the amount for which they were liable to taxation under the law. The conduct of the executors deliberately was calculated to screen from the observation of the assessors material facts touching the property which had come to their hands. The natural effect scarcely could have been other than to cause the assessors to be wary in acting upon the partial information which the executors chose to disclose. The statement of distribution of the estate

mailed to the assessors in 1909 did not assert that it was a complete or final distribution.

It has been argued that the list filed by the same persons who were executors, in their capacities as trustees, should be taken as sufficient. But this is not sound. The petitioners drew a sharp distinction between the two capacities, offering to answer questions at one of the hearings solely in their capacity as trustees, and refusing utterly to answer questions as executors. The statutes make a clear distinction between the two capacities as to the *situs* for taxation and otherwise. A different question would have arisen if the executors had brought in a list of property stating all the facts and then leaving the question to be settled by the law as to the capacity in which the property was subject to taxation.

It is certain that the Superior Court judge was not required to find as matter of law that the petitioners had good cause for not filing the list required of them by law in 1910.

If it be assumed that the facts here were all agreed or proved by evidence found to be true, and that, therefore, it is a question of law, *Winnisimmet Co.* v. *Chelsea,* 6 Cush. 477, 481, whether there was good cause for failure to file the list, a like conclusion is reached. Certainly by 1910 it must have become apparent that it hardly could be conceded by the assessors that the executors were not liable as such to a tax in Nahant. No intimation was given by the assessors at any time to the petitioners that they need not file a list as executors. To paraphrase what was said by Mr. Justice Sheldon in *Atlantic Maritime Co.* v. *Gloucester,* 214 Mass. 348, 351: If, in view of the dispute that seemed likely to arise whether the petitioners were taxable as executors, the petitioners desired to be able to appeal from any action that the assessors might take, they must be presumed to have known that they were bound to bring in their true list before they were assessed. "But the decisive fact is that nothing was said or done to lead" the petitioners "to suppose that they were relieved from the duty of bringing in a list" of their property. It was held in that case that "the finding of good cause was not warranted." The facts and presumptions in the case at bar point to this duty resting upon the petitioners quite as strongly as in *Atlantic Maritime Co.* v. *Gloucester.* The conclusion follows that as matter of law no adequate excuse is shown.

It is unnecessary now to determine whether the list filed in June, 1911, which was a bald denial of the possession of any property, and which was in fact incorrect although supposed by the executors to be right, was a "true list" within the meaning of the statute, even if seasonably filed, or whether under all the circumstances a list which at least fully and frankly stated the whole situation was not required. See *Sears* v. *Nahant,* 215 Mass. 329, 335.

The ground upon which this decision rests renders immaterial and irrelevant the other arguments urged by the petitioners.

*Petition dismissed.*